## CALLAWAY COUNTY COURT vs. NAT CRAIG.

1. In an action brought against one of two obligors to a bond, the co-obligor cannot be a witness for the defendant. The Stat. 1845, R. C. p. 833, which provides that a witness objected to on the ground that the *verdict or judgment would be evidence for or against him*, does not apply to such a case. That statute seems to be intended for the protection of witnesses called upon to testify against their interest, and not to authorize a witness to give evidence in his own favor.

NAPTON, J., held: That payments made by one of several obligors in a bond, would prevent the statute of limitation from running as to all.

### ERROR to Callaway Circuit Court.

REED & HARDIN, for Plaintiff.

The counsel for plaintiff in error contend that the judgment of the court below should be reversed for these reasons :

1. The court below committed error in permitting Nolley to testify as a witness for defendant, he being a co-obligor with said defendant :

2. The court committed error in not granting the plaintiffs a new trial upon their motion to that effect, for the reasons therein given.

3. In a joint and several note or bond, the payment of any part of the interest or principal before the statute of limitations attaches, by one, operates in point of legal effect, as a new promise by all and each of the promisors, to pay according to the nature of the instrument. Whitcomb vs. Whiting, Douglass, 629; Burleigh vs. Scottt, 15 Eng. Com. Law Rep. 151; Wyatt vs. Hobson, 21 Eng. Com. Law Rep. 302; Sigourney vs. Drury and others, 14 Pick. Rep. 387.

4. An acknowledgment or promise of one, out of several obligors, of a joint and several note or bond, takes it out of the statute of limitations as against the others, and may be given in evidence on a separate action against any of them, although he has made no acknowledgment or promise, and only signed the instrument as a surety. Whitcomb vs. Whiting, Douglass, 627; 9 Eng. Com. Law Rep. 413; 5 Binney's Rep. 198; 15 Johns. Rep. 3, Johnson vs. Beardsdall and others.

This court will reverse a judgment rendered upon a verdict found by the court below sitting as a jury, if said verdict be glaringly wrong. 9 Mo. Rep. 50, Young vs. Kelly.

McBRIDE, J., delivered the opinion of the court.

The county court of Callaway county commenced their action of debt against Craig before a justice of the peace on the 22nd March, 1845, on a bond for the sum of seventy-five dollars, executed by John H. Cook, Nat Craig, and Daniel Nolly, payable to the county court, and bearing date the 24th February, 1834, drawing ten per cent. interest per annum from the date until paid. On the bond credits were endorsed for the accruing interest up to the 24th February 1839. Craig relied for his defence on the statute of limitations. Judgment was rendered by the justice in favor of the defendant, from which the plaintiff appealed to the circuit court, where judgment being again given for the defendant, the county court appealed to this court.

On the trial in the circuit court, the defendant introduced Daniel Nolly, a co-obligor, as a witness, to prove that Cook was the principal in the bond, and that they were sureties, and also to prove that the payments of interest endorsed on the bond were made by Cook, the principal. The plaintiffs objected to the competency of Nolly for such purpose, but the circuit court overruled their objection, and permitted Nolly to testify, to which opinion of the circuit court the plaintiffs excepted.

There were other questions raised in the circuit court, and assigned for error in this court, which may ultimately be more important in the final determination of this case, but which it is not now neccessary to examine.

To sustain the action of the circuit court in admitting the evidence of Nolly, we are referred to the 26th section of the seventh article of an act to regulate practice at law, R. C. 1845, page 833, where it is provided that, "if any witness shall be objected to as incompetent, on the ground that the verdict, or judgment in the action on which it shall

be proposed to examine him, would be admissible in evidence for or against him, such witness shall nevertheless be examined; but in that case a verdict or judgment in that action, in favor of the party on whose behalf he shall have been examined, shall not be admissible in evidence for him, or any one claiming under him, nor shall a verdict or judgment against the party, on whose behalf he shall have been examined, be admissible in evidence against him, or any one claiming under him."

If Nolly was a competent witness, his competency arises under the foregoing section. Not being a party to the suit, and his interest being adverse to that of the county court, the county court might have used him as a witness, had they seen proper to have done so; but they have not called upon him to testify, whilst Craig, a co-obligor, claims the benefit of his testimony. His interest is identified with Craig's, and adverse to the county court; where then the necessity of protecting him for testifying in behalf of Craig? There would appear to be more propriety in calling to his protection the provisions of the foregoing statute, had the county court desired to use his evidence against his own interest, and it may have been the intention of the above provision to shield those who are thus compelled to give evidence, and not to render competent a witness who is directly interested, and whose testimony is sought to defeat the liability of a joint obligor. Nolly's liability to Craig is not dependent upon the judgment which may be rendered in this case, but upon his original undertaking after the payment of the debt by Craig, whether enforced by judgment or voluntarily made.

We are therefore of opinion that the circuit court committed error in admitting the evidence of Daniel Nolly on behalf of the defendant, for the purposes for which it was admitted. The other Judges concurring herein, the judgment of the circuit court is reversed, and the cause remanded to the circuit court for a new trial to be there had.

NAPTON, Judge.

This was an action by the county against Craig, on a note, in which one Cook was principal, and said Craig and one Nolly were sureties. The defence was the statute of limitations. It was proved that Cook, the principal, had repeatedly acknowledged the existence of the debt, and had paid interest on the note, after it was barred by the statute. Whether Nolly was a competent witness is, in my opinion, of no conse-

quence, inasmuch as his evidence was nowise material, and the proof of Cook's acknowledgments was alone sufficient to take the case out of the statute. Whatever diversity of opinion may have prevailed in relation to the sufficiency of the acknowledgment of one partner, made after the dissolution of the partnership, to revive the liability of the other partners, it is not disputed but that the acknowledgment or part payment of one of several promisors, will prevent the running of the statute as to all.

The judgment of the circuit court should therefore be reversed.