Filed Nov. 24, 1883.

———◆———

No. 8652.

THE PITTSBURGH, FORT WAYNE AND CHICAGO RAILWAY COMPANY *v.* SWINNEY, EXECUTRIX.

SUPREME COURT.—*Appeal.*—*Plea in Bar.*—*Demurrer.*—*Estoppel by Record.*— *Estoppel in Pais.*—*Two Actions for Same Cause.*—A plea in bar of an appeal set forth, that before the commencement of the action in which the judgment was rendered from which the appeal was taken, the appellant had appropriated land for the use of a railway corporation; that an appraisement was made according to law; that exceptions were filed to the appraisement; that trial was had in the A. Circuit Court and judg--

ment rendered for appellee's testator in a sum in excess of the appraisement; that the case was appealed to the Supreme Court and the judgment reversed; that after the reversal the venue was changed to W. county, where appellant, over appellee's objection, dismissed the condemnation proceedings; that thereupon appellee instituted this action in the superior court of A. county, and recovered the judgment from which this appeal is prosecuted; that an appeal was taken by appellee from the order dismissing the condemnation procedings; that after the appeal of appellee had been perfected, the appellant, in the present case, filed a plea in bar of appellee's appeal, alleging therein the recovery of the judgment in this cause; that it was for the same cause of action involved in the condemnation proceedings; that this plea of appellant was held good on demurrer, and appellee failing to reply, the Supreme Court gave appellant judgment on demurrer and dismissed the appeal.

*Held*, on demurrer to such plea, that the facts pleaded do not constitute an estoppel by record, or *in pais*.

*Held*, also, that what appellant did do was simply to assert the legal right to be relieved from the burden of waging two suits for the same cause of action.

From the Allen Circuit Court.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker, E. Daniels, J. Brackenridge* and *J. R. Carey*, for appellant.

*L. M. Ninde, J. I. Best* and *P. A. Randall*, for appellee.

Elliott, J.—The appellee pleads in bar of this appeal, that before the commencement of the action in which the judgment was rendered from which the appeal is prosecuted, the appellant had appropriated land for the uses of the corporation; that an appraisement was made pursuant to the provisions of the statute; that exceptions were filed to the appraisement; that a trial was had in the Allen Circuit Court, and judgment rendered for the appellee's testator in a sum greatly in excess of the appraisement; that the case was appealed to this court and the judgment reversed; that after the reversal the venue was changed to Whitley county, where the appellant, over the appellee's objection, dismissed the condemnation proceedings; thereupon the appellee instituted this action in the superior court of Allen county, and recovered the judgment from which this appeal is prosecuted; that an appeal

was taken by appellee from the order dismissing the condemnation proceedings; that after the appeal of appellee had been perfected, the appellant, in the present case, filed a plea in bar of appellee's appeal, alleging therein the recovery of the judgment in this cause; that it was for the same cause of action involved in the condemnation proceedings; that this plea of the appellant was held good on demurrer, and, the appellee failing to reply, this court gave appellant judgment on demurrer and dismissed that appeal.

The question now before us is whether the appellee's plea is sufficient to withstand appellant's demurrer.

It is plain that there is no estoppel by record. No issue has been joined or tried, no judgment or decree has been pronounced, involving or determining the point here in controversy in favor of either party; nor is there any recital in any deed or record binding the parties. In no form is there an estoppel of record.

We find absent essential elements of an estoppel *in pais*. There is not knowledge on one side of material facts and want of knowledge on the other; there is no advantage taken of position, for the parties are not only at arms-length, but they are antagonists in an open contest; there is no concealment of facts and there are no untrue statements; there is no assertion of a right which implies the loss of some other right; nor yet is there any taking of a legal right from the appellee.

The appellant, in invoking the assistance of the court to prevent the appellee from prosecuting two actions, asserted an undoubted legal right. In the assertion of this legal right the appellant did not take from appellee any right, for the plain reason that she had no right to two actions; a right to one she doubtless has, but not to more than one.

That which appellant did do was to assert an unquestionable legal right in a perfectly legal method, and we know of no principle of law or of ethics which imposes a penalty upon a litigant who asserts a right given him by law in a law-

ful and rightful manner. The right to prevent the maintenance of two actions is one which may well be exercised without conceding anything more than that there is another action in which the whole controversy may be settled. It is inconceivable that a party may have a plain legal right and a known remedy for the vindication of that right, and yet not be at liberty to assert it except at the expense of the loss of another legal right. It can not be possible that a clear legal right to prevent a wrong can only be made available upon the terms that another right be surrendered. A legal right may be vindicated without a sacrifice; to aver the contrary is to assert that a right is not a right, and this is self-destructive.

In asking to be relieved from the burden of waging two legal controversies at the same time, for the same cause, there is no concession that one of them is justly waged; the extent, and the whole extent, of the concession is that there is a right to have one action settle the entire controversy. The party invoking the assistance of the court does not affirm the validity or justice of his adversary's claim, but demands that the question whether he has or has not a claim shall be settled in one action. It is not granted, expressly or impliedly, that the adversary shall be held victor without a struggle, but it is asserted that the whole contest shall be fought out in a single suit. What is asked is that the entire controversy shall be confined to one legal contest; what is conceded is that there is a right to fight it out in that one contest. The fallacy pervading appellee's entire argument is the undue assumption that the appellant, by praying the court to restrict her to one action, on the ground that she had secured a judgment, impliedly conceded that the judgment is unimpeachable. This assumption can not be made good, and the ground falls away from the whole argument. The appellant bases this claim, not upon the ground that there is a judgment ending all controversy, but upon the right to have the controversy confined to a single action. The foundation of the claim is not the

merger by judgment, but the right to make one action the theatre of the whole legal war.

No more is granted than that there is a right to one suit. This is so because, at the very time the appeal was made to prevent the illegal embarrassment by two actions, the party was in open and avowed hostility against the judgment; was actually and openly engaged in an assault upon its validity. The attitude occupied was not that of one confirming, but that of one disputing; the situation was that of one assailing, not that of one surrendering. The right to put the appellee to one action did not involve the surrender of a position rightfully occupied. No such condition is annexed to the exercise of the right to demand the confinement of the legal warfare to one field. The appeal from appellee's judgment was an avowal of opposition, was a direct assault, and it is difficult to perceive how it can be said that, while still holding that appeal and still avowing that opposition, the appellant affirmed that the judgment was valid.

There has been no election between inconsistent positions. The appellant had two distinct rights, both self-existent, one to continue his assault upon the judgment by maintaining its appeal; the other to demand that the appellee be confined to one action. These are not dependent rights; each has a separate and independent existence. The exercise of one does not involve the sacrifice of the other. It is not inconsistent for an appellant to demand that he be not harassed by many actions, and yet press his appeal. In beating off one action wrongfully prosecuted, the right secured by the appeal, that of questioning the judgment appealed from, is not surrendered. There is no inconsistency because there is no affirmation of the validity of the judgment in the one position and a denial in the other; on the contrary, there is a persistent and unyielding denial.

If, however, it were conceded that there is an inconsistency between the positions occupied by the appellant, then, so far

as we are informed by the record, no harm was done appellee; for, if she has a cause of action, the suit left to her, namely, the one out of which grows the present appeal, affords her ample remedy for the redress of her wrongs and the establishment of her right of action. It may be her right to maintain one action, but she can not have two. On this subject Bigelow says: " It will be seen from these cases that the rule requiring consistency of action before the courts is no arbitrary rule, but one demanded, as was suggested at the opening of this chapter, by the very object of courts of justice. Where then no wrong would be done to the court or to other parties to a cause by permitting a change of position, a change should in principle and will in fact be allowed." Bigelow Estop. 604.

If the two actions are not for one and the same cause of action, then the error was in sustaining the demand of appellant to dismiss the appeal taken by the appellee from the Whitley county case. If there was error there, the remedy is to be sought by relief from that judgment; not by securing the commission of error in the present case.

The position occupied by the respective parties exerts an important influence upon the case. The appellant never left its position of hostility to the judgment; from first to last it stood as an assailant. How, then, can it be said there was a concession that its judgment is unimpeachable? This element broadly and plainly distinguishes the present case from the long line of cases cited in the course of the argument. In many of those cases the defendants confessed the right of action stated against them, and avoided it by averring that it had been put into a judgment, and, in doing this, necessarily affirmed the validity of the judgment. This is not the case here, as we have already seen. Nor did the defendants in those actions occupy a position of hostility to such judgments. They were not questioning their validity in any form. On the contrary they expressly affirmed the conclusiveness of those

judgments, by averring that they had taken up the plaintiff's claim. This can not be so here, because the appellant was seeking the overthrow of the judgment at the very time that it asked to enforce its right to protection against a multiplicity of actions. The other cases cited in argument are to the effect that one who has recovered judgment in one character or capacity can not afterwards assert that the character or capacity in which he succeeded was not the true one, and are obviously not in point here; for here no attempt is made to change character, but the appeal to prevent the prosecution of a second action was made while in the position of hostility. The appellant has not receded a single step from its persistent and avowed hostility to the judgment appealed from, but has steadily maintained that character, and it can not, therefore, be said that there has been any attempt to shift position or change character.

If the appellee may prosecute two actions she may prosecute many, and the appellant is, upon appellee's theory, bound to submit to endless litigation or lose the right secured by the appeal. This result would be a most deplorable one, and is, if possible, to be avoided, for the law abhors a multiplicity of actions. The result to which the theory would lead furnishes in itself a strong argument against the soundness of the theory, and exhibits its antagonism to just principles. We come back after all to the fundamental proposition that an appellant having a plain, absolute legal right, self-existent and independent, may assert it in a legal method, without the peril of losing another right which he has secured by strict compliance with the law of the land.

Demurrer to the plea sustained.

ZOLLARS, J., did not take any part in the decision of this case.

Filed Nov. 9, 1883.