## EDMONSTON v. CARTER et al., Appellants.

### Division One, March 17, 1904.

1. **JUDGMENT: Declaration of Trust: Effect of Decree: Lien: Sale: Subsequent Ejectment.** Where the court had jurisdiction of the parties and subject-matter, and decreed that a certain trust on land, created by the beneficiaries of a general trust, was valid, and found that the money received by them as the consideration for that trust was due, gave judgment against them and decreed it a special lien on the land, that judgment is final; and if the land is sold under that judgment, the validity of the title thereby passed can not be contested in a subsequent ejectment by the purchaser at the execution sale against the beneficiaries.

2. ———: ———: **Against Trustee.** In the suit for the debt which was the consideration for the declaration of trust, in which it is prayed that the judgment be made a lien on the land, if the trustee claims in his answer to hold title to the land of such a character as to defeat the plaintiff's right to have it sold to satisfy the debt, a judgment against him is a judgment on that point, and is not void because he was not personally charged with the debt made by the beneficiaries.

3. **MORTGAGE: Property Covered: Mortgagor Bound by Declaration.** Where a mortgagor in his deed of mortgage declares that a trustee holds certain property in trust for him, and the fact appears, outside the mortgage, that the trustee did so hold

such property, such mortgagor, in the absence of any suggestion that there was any other property to which the mortgage could apply, can not deny that it was that property that was intended to be covered.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*George Robertson* and *F. R. Jesse* for appellants.

(1)    The judgment entered in the case of Roden v. Helm et al. is void for lack of description of the property in mortgage.    Jones on Mortgages, secs. 65 and 66. (2)    The judgment of foreclosure in that case and the sheriff's deed thereunder is void.    McIlvaine v. Smith, 42 Mo. 45; Lackland v. Garesche, 56 Mo. 269; Lackland v. Smith, 5 Mo. App. 153; Lambert v. Haydel, 96 Mo. 439; Partridge v. Cavender, 96 Mo. 542; Block v. Morrison, 112 Mo. 343.    (3)    The limitation of the terms of the trust by Turner in accepting the deeds from Robey, Miller and Johnson can not operate to change the terms of the trust.    The original terms of the trust follow it notwithstanding the change of language in these deeds.    Clark v. Maguire, 16 Mo. 302; Clark v. Conway, 23 Mo. 438; Grove v. Heirs of Robards, 36 Mo. 523; Gamble v. Gibson, 59 Mo. 585; Phillips v. Overfield, 100 Mo. 466.    (4)    Helm and wife had a perfect right to put their property in trust because he was not at that time indebted and it was not made with the intent to defraud subsequent creditors. Hurtey v. Taylor, 78 Mo. 238; Walsh v. Ketchum, 84 Mo. 427; Sexton v. Wheaton, 8 Wheat. 229; Hanson v. Buckner, 4 Dana 251; Bogard v. Guardly, 12 Miss. 302; Reade v. Livingstone, 3 Johns. Ch. 481; Salmon v. Bennett, 1 Conn. 525; Baker v. Welch, 4 Mo. 484; Underhill on Trusts and Trustees, p. 113.    (5)    The plaintiff and his grantee, Roden, having had actual notice of the terms of both

the will of Amanda Rodes, and the McLean county's trustee's deed, take subject to the conditions of both of these original trusts. Darling v. Potts, 118 Mo. 506; Edwards v. Welton, 25 Mo. 379; Donhan v. Hahn, 127 Mo. 439; Buck v. Ashbrook, 59 Mo. 200; McDonald v. Quick, 139 Mo. 484. (6) Turner, who holds the legal title to the estate, had no judgment against him in the case of Roden v. Helm et al., and therefore that judgment could not affect his interest as trustee. Henry v. Gibson, 55 Mo. 570; Dun v. Bailey, 58 Mo. 134. The Helms at the time of the rendition of the judgment had no interest in the estate, for Thomas Helm was limited to the net income and profits. McIlvaine v. Smith, supra; Pugh v. Hayes, 113 Mo. 424. (7) It is well settled that the *cestui que trust* could have followed this property and had it impressed with the trust even though plaintiff herein had come into the actual possession of it, he having notice of the trust. Edwards v. Weston, 25 Mo. 379; Darling v. Potts, 118 Mo. 506. And even though "that possession were obtained by suit or otherwise." Coffee's Adm'rx v. Crouch, 28 Mo. 106.

*P. H. Cullen* for respondent.

(1) The action of Roden v. Helm et al. was an action under the statute to foreclose a mortgage, and if so, undoubtedly the judgment in that case deprived all the defendants of title. R. S. 1899, secs. 4342, 4351, 4352, 4353; Brim v. Fleming, 135 Mo. 604; Hannah v. Davis, 112 Mo. 608; Smith v. Finn, 77 Mo. 499; Kopp v. Blessing, 121 Mo. 391. (2) In any action of foreclosure, where a party defendant sets up title in himself and litigates the same, the judgment becomes conclusive. Murphy v. Defrance, 101 Mo. 153; Donnelly v. Wright, 147 Mo. 639; Bundy v. Cunningham (Ind.), 8 N. E. 174; Helck v. Remheimer (N. Y.), 12 N. E. 43; Barnard v. Onderhork, 98 N. Y. 158; Smoot v. Judd,

161 Mo. 673; Jordan v. Van Epps, 85 N. Y. 427; Bulling v. Pace (Ala.), 12 So. 796; Hefner v. Life Insurance Co., 123 U. S. 747; Hefner v. Life Insurance Co., 8 Sup. Ct. Rep. 337. (3) To make a record or judgment valid upon its face, it is only necessary for it to appear that the court had jurisdiction of the subject-matter of the action and of the parties and that a judgment had in fact been rendered; all else is form only. Pickering v. Templeton, 2 Mo. App. 431; Martin v. McLean, 49 Mo. 362; Gregnon's Lessee v. Astor, 2 How. 319; Maxwell v. Stewart, 22 Wall. 77; Rogers v. Gosnell, 51 Mo. 466; Black v. Rogers, 75 Mo. 441; Moody v. Deutsch, 85 Mo. 244. The rule applicable to judgments is applicable to decrees, and it is also well settled that the meaning and effect of decrees are to be deduced from the manifest intention of the court. Dascher v. Blackiston, 7 Ore. 406; Upjohn v. Ewing, 2 Ohio St. 14; Racine R. Co. v. Farmers' Loan Co., 86 Ill. 187; Mayo v. Purcell, 3 Munf. (Va.) 243; Price v. Lisson, 13 N. J. Eq. 172; Dousman v. Hooe, 3 Wis. 466; Robertson v. Winchester, 85 Tenn. 171. (4) The conveyance having been made at a time when the settler intended to engage in a hazardous business, and with the intention of preserving it from the claims of future creditors, it is void as to future creditors. This is especially true in this case, for it was a conveyance of all the property the settler had, and at a time when he was engaged in speculative and hazardous business, and he knew that himself and his family had to live and be supported, and the income was insufficient to provide a support; hence, he must have made the conveyance knowing that he would become indebted in the future and be without means to meet these future debts. Snyder v. Free, 114 Mo. 372; Fisher v. Lewis, 69 Mo. 629; Monroe v. Smith, 79 Pa. St. 459; Grocery Co. v. Smith, 74 Mo. App. 422; Howe v. Wayman, 12 Mo. 169; Payne v. Stanton, 59 Mo. 159; Mittelburg v. Harrison, 11 Mo. App. 136; s. c., 90 Mo. 444; Shaw v. Tracy, 83 Mo. 224.

VALLIANT, J.—This is an action of ejectment for 240 acres of land in Audrain county.

The real defendants are A. G. Turner, who claims to hold the legal title in trust for certain purposes, and the widow and children of Thomas Helm, who was a defendant, but who has died since the judgment in the case and while it has been pending in this court on appeal.

The defendants endeavored to convert the action into a suit in equity by pleading in their answers certain matters which they conclude render the judgment in a certain other suit against them, out of which they assert that the plaintiff's claim of title arises, void.

At the trial the plaintiff introduced in evidence a. deed from the sheriff of Audrain county conveying the land in question to one Thomas F. Roden, dated June 26, 1899. That deed recited that on March 21, 1899, a judgment was rendered in the circuit court of that county in favor of Roden against the above named defendants for $1,495.10 and costs, which was by the judgment declared to be a lien on the land and a special execution awarded to satisfy the same; that under such execution the land was regularly seized and sold by the sheriff, and at the sale Roden became the purchaser.

Next in evidence was a deed from Roden to the plaintiff. Then followed evidence of the rental value of the land and of demand for possession. The plaintiff then rested.

The defendants introduced in evidence the record in the case of Roden v. Helm et al., out of which the plaintiff's title came. The petition in the Roden case was in two counts. The first count was a declaration on a promissory note for $1,450 dated October 31, 1898. The second count referred to the same note and stated that Thomas Helm (who was the husband and father of the other Helms) in the years past owned real and personal property to the amount of $10,000, and caused

that amount to be invested in the land in question (describing it), and caused it to be deeded to defendant Turner as trustee for the use and benefit of himself and his wife and children; that on 31st of October, 1898, the defendants executed and delivered to plaintiff an instrument in writing, which was attached to and made a part of the petition, by which they created a lien on the land in favor of Roden to secure the note. The prayer of that count was that the judgment on the note be decreed to be a special lien on the land, that the trustee be ordered to pay the amount, and in default of such payment that the land or a sufficient quantity thereof be sold to satisfy the same. A copy of the writing sued on was filed with the petition, and is as follows:

"Mexico, Mo., Oct. 31, 1898.

"Whereas, Thomas Helm has become indebted to Thomas F. Roden in the sum of fourteen hundred and fifty dollars on account of necessaries furnished said Helm, his wife and family, and whereas said Thomas Helm and his wife, Anna, and his daughter, Elizabeth, have this day executed to said Roden their promissory note for fourteen hundred and fifty dollars, due one day after date, bearing eight per cent compound interest, and whereas the said Thomas, Anna and Elizabeth Helm have an interest in certain real and personal property now held in trust for them and others by one A. G. Turner as trustee, and as security for said note, we give and grant to said Thomas F. Roden a lien on said trust estate and create a charge in said Roden's favor against our interest in said trust estate for the purpose of securing said debt or note, and agree that said trust estate, in whatever form it now is or may be in the future, shall stand as security to said Roden for said note and interest.

"THOMAS HELM,
ANNA S. HELM,
ELIZABETH HELM."

There was a demurrer to the petition, which was overruled. The defendants in that case then filed an answer in which they stated in substance that in November, 1880, Thomas Helm and his wife made a deed in consideration of one dollar and love and affection conveying certain lands in Illinois then belonging to Helm to one Rodes as trustee, who was to pay the income from the property to Helm during his life, and if his wife should survive him one-half of the income to her, and the other half to his heirs, and in case he should survive his wife then at his death the whole income to go to his heirs; the trustee was also empowered to sell and re-invest; there was provision in the deed also for resignation of the trustee and the substitution of another; that Rodes did resign and the defendant Turner was appointed in his place and that Turner received from Rodes in cash and notes as proceeds of the trust land $7,370; that Turner also received from the former trustee $833.32, which had been bequeathed by Thomas Helm's grandmother to the trustee for the use of Thomas Helm, but of which Helm was to have only the income; that the land in Audrain county in suit was bought by the trustee Turner with these trust funds. The answer concludes that under those facts the land in question could not be disposed of by Thomas Helm and his wife, but was held by the trustee Turner for the benefit of Thomas Helm and his wife and children.

The defendants also introduced in evidence the deed from Thomas Helm and wife to Rodes conveying in trust for the purposes mentioned in the answer the Illinois land. Then followed evidence of the resignation of Rodes and the appointment of Turner; then the will of Helm's grandmother to the effect as stated in the answer.

The deeds from the former owners of the land in question conveying it to Turner "trustee for Thomas Helm, Anna Helm his wife and children of said Thomas and Anna Helm" were introduced by the defendants.

These deeds expressed that they were "in trust, however, so that the said Thomas Helm shall for and during his natural life use, occupy and enjoy, with all rents and profits," and also that after his death, if his wife should survive him, she should have one-half the rents and his children the other half as stated in the answer in the case.

The decree in the Roden case was also in evidence, which recited a finding of the issues for the plaintiff and a special finding that Thomas Helm, Anna Helm and Elizabeth Helm had an interest in the land in question deeded to Turner as trustee, and that they made the instrument of writing sued on. Then followed in due form a personal judgment against the Helms for the amount due on the note and a decree that the same was a lien on the land, and that the same be foreclosed by sale under special execution.

Defendants also introduced evidence as to the rental value of the land, and evidence tending to show that the plaintiff in this case was the attorney for Roden and attended the sheriff's sale, and that at that sale the attorney for the defendants gave notice that there was no judgment in that case against Turner, and that the other defendants had no interest in the land.

In rebuttal there was testimony for the plaintiff tending to show that at the time Helm and wife made the deed to the Illinois land to Rodes as trustee, Helm was engaged in dangerous speculation and was not very temperate in his habit as to drink.

The answer of the defendants, the Helms, in the case at bar, began with the statement that they were the real parties in interest, and that Turner was their trustee; then it goes on to say that on the 26th of November, 1880, the defendant Thomas Helm was a spendthrift and incapable of managing his estate and being desirous of securing his property for the benefit of himself and family made and executed the deed of that

date to Rodes as trustee, referring to the same deed set up in their answer in the Roden case. The answer sets out that deed *in haec verba*, and also the instrument sued on in the Roden case, and says that in consequence of the deed in trust to Rodes the Helms had not power to charge the land with the debt named in the mortgage to Roden, that they were occupying the property as a homestead by consent of Turner the trustee, that at the sheriff's sale Roden knew these facts, and therefore he acquired no title. The separate answer of Turner, the trustee, was to the same effect, except that he said he did not violate his trust in investing the funds in the Audrain county lands and taking the deeds in the form he did take them. There was a reply by the plaintiff, in which he went over the whole transaction, including the pleadings and proceedings in the Roden suit, denied that there was any such trust as set up in the answer, or if there was he had no notice of it, averred that Helm could not by his own act create a spendthrift trust in his own favor in his own property; that the judgment in the Roden case was valid and the title to the land passed at the sheriff's sale, etc.

The cause was tried by the court, jury being waived. There was a finding and judgment for the plaintiff for the possession of the land and for damages and current rents. The defendants are the appellants.

From this record it will be seen that the defendants in this ejectment suit set up for their defense the same state of facts that they set up in the Roden case, upon which facts, the court in that case passed its final judgment. That judgment is valid and binding upon these parties as long as it remains unreversed. It was not competent for the circuit court in this case to retry those issues, either of law or of fact.

There can be no question of the jurisdiction of the circuit court in the Roden case over the persons and property. That court was competent to pass judgment

on the effect of the deed wherein Thomas Helm attempted to create a spendthrift trust for his own benefit in his own property; also to adjudge what interest the Helms acquired under the deeds in evidence to Turner of the land in suit, and also the legal effect of the alleged mortgage sued on in that case. All those subjects were in issue, and the judgment in that case covers them. The judgment is binding on these defendants until it is set aside in a manner pointed out by law. The plaintiff in that case bought the land at the sheriff's sale under execution of the judgment and this plaintiff by deed from that plaintiff takes the title he acquired at the sheriff's sale and thus became privy to the judgment. [Wells on Res Adjudicata, sec. 31, citing Shirley v. Fearne, 33 Miss. 666.] Before these defendants can contest that title they must get rid of that judgment; and that they can not do in a collateral attack as was here attempted.

It is contended that the judgment in that case was not merely erroneous but void because there was no judgment against Turner, the trustee. The judgment was in effect a judgment against the trustee on the only point in which he was interested. He was not bound on the note and there could be no personal judgment against him for the debt, but he did claim in his answer to hold title to the land of such a character as to defeat the plaintiff's right to have it sold to satisfy the debt. The court adjudged that the land was subject to sale, and to that extent it was a judgment against the trustee Turner and the only judgment that could have been rendered against him.

It is also claimed by appellant that the mortgage sued on in that case was void because it did not describe the land in suit. The property which the mortgage purports to cover is therein described as property being held in trust by Turner for the mortgagors; the peti-

tion states that at the date the mortgage was given the land described in the petition was so held.

The mortgagors having in their deed of mortgage solemnly asserted that Turner so held property for them, and the fact appearing, outside the mortgage, that he so held this property, the mortgagors, in the absence of any suggestion that there was any other property to which the mortgage could apply, can not deny that it was this property that was intended to be covered.   [Jones on Mort., secs. 65, 66.]

There is no error in this record of which these appellants can complain.

The judgment is affirmed.   All concur.