### ADOLPH ABBEY, Respondent, v. EUGENE J. ALTHEIMER, Appellant.*

St. Louis Court of Appeals. ∙ Opinion Filed June 13, 1924.

1. **VERDICTS: Not Responsive to Issues Raised by Pleadings and Proof or Instructions: Erroneous.** In an action by a principal against his agent for alleged breach of duty in effecting an exchange of certain parcels of real estate, where two sums are specifically set up in the petition as damages sought thereunder to be recovered, and the uncontroverted evidence showed that defendant received the two sums from plaintiff, and the instruction on the measure of damages required the jury, if they found for the plaintiff, to assess the amount of plaintiff's recovery at an aggregate sum made up of each of the two items, and the jury though they found for plaintiff returned a verdict for only one of the sums with interest, excluding the other, *held* that the verdict must be viewed as not responsive to the issues raised by the pleadings and the proof, and as directly in the teeth of the instruction of the court on the measure of damages, and no matter what caused

(1)

215 M. A.—1.

the jury to arrive at this erroneous verdict, it is contrary to law, and the trial court should not have allowed it to stand.

2.  **NEW TRIAL: Appeals: Waiver: Judgments: Pleading Judgment in Instant Case in Bar of Another Action: Validity Not Recognized Thereby so as to Waive New Trial or Appeal.** The defendant by his action in pleading the judgment in the instant case, before it became final, as a bar to the prosecution of another suit between the same parties, did not thereby waive his right to a new trial in the instant case, nor did he by said act either expressly or impliedly recognize the validity of said judgment so as to waive his right to appeal therefrom.

*Headnote 1.   Trial, 38 Cyc, pp. 1884, 1885, 1891;   2.   Appeal & Error, 3 C. J., section 545.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Frank Landwehr*, Judge.

REVERSED AND REMANDED.

*M. C. Early, and Ivon Lodge* for appellant.

(1) (a) It was error for the court to refuse to give the peremptory instruction of the defendant in the nature of a demurrer to the evidence offered at the close of plaintiff's case because the plaintiff wholly failed to substantiate any of the allegations of fraud contained in his petition and established by his own evidence that he did not suffer any damages whatever  by reason of the trade in question but, on the other hand, he realized a substantial profit therefrom.  (b) · The plaintiff's own confessed fraud in trading his own property in at a grossly inflated value and then conniving to bring about the foreclosure of this property under the first deed of trust thereby cutting off the equity of William H. Leahy, was such conduct as precluded his right to any recovery. (2)   The court erred in refusing to give defendant's peremptory instruction after all the evidence had been offered.   (3)   Instruction No. 2, which was given at the request of the plaintiff, contains reversible error in that:   (a)   This instruction assumes to cover the entire case and directs a verdict upon the finding of

certain facts and it fails to require the jury to find
certain other facts which would be essential in order to
entitle the plaintiff to recover (Bixler v. Wagster, 256
S. W. 520; Jones v. Nicholas, 216 S. W. 962, 280 Mo.
653). (b) This instruction was misleading and unfair
to the defendant in that it assumes as true facts that
are in dispute (Reel v. Consolidated Products Co., 236
S. W. 43). (4) Instruction No. 3, given at the request
of the plaintiff, on the measure of damages, is erroneous
in that it directs the jury to find for the plaintiff not
only for the amount of commission which he paid the
defendant, but also for the commission which he received
from Leahy. There is no rule of law by which the plain-
tiff was entitled to recover the commission which the
defendant received from the other side since, under the
law and evidence in the case, he knew about this fact be-
fore the deal was consummated and consented thereto.
(Groneweg v. Estes, 144 Mo. App. 418; Arthur v. Por-
ter, 118 S. W. 611 [Tex. Civ. App.]; Gilliland v. Ellison,
137 S. W. 168 [Tex. Civ. App.]; Cannell v. Smith, 142
Pa. St. 25). (5) The verdict of the jury was against
the evidence, the weight of the evidence and against the
law under the evidence and was right in the teeth of the
instruction given by the court on the measure of damages
and showed such a complete disregard by the jury of the
instructions of the court as to conclusively establish the
fact that the defendant did not have a fair trial (Weh-
ringer v. Ahlemeyer, 23 Mo. App. 277; Weisels-Gerhart
Real Estate Company v. Pemberton Investment Com-
pany, 150 Mo. App. 626; Witty v. Saling, 171 Mo. App.
574; Morris v. Railroad, 136 Mo. App. 393; Bliss v.
Wolcott, 40 Montana 493; Baunn v. Halperin, 169 N. Y.
Supp. 489, 1. c. 490; Ferguson v. Chuck, 185 N. Y. Supp.
800; Chamberlin v. Chamberlin, 185 N. Y. Supp. 99;
Stetson v. Stindt, 279 Fed. 209; Abbott's Civil Jury
Trial, page 751; Connelly v. Illinois Central Railroad,
120 Mo App. 652; Emerson v. Santa Clara, 40 Cal. 543;
Champ Spring Co. v. Roth Tool Co., 103 Mo. App. 103,
1. c. 109.; Shoemaker v. Jackson, 204 S. W. 962; Martin

v. Barnett, 208 S. W. 278). (6) Instruction No. 6 was erroneous in that it told the jury that it was immaterial that the plaintiff had traded his property on Easton at an inflated value. This was decidedly erroneous because it had a direct bearing on whether or not the plaintiff suffered any damages. (7) It was error to permit counsel for the plaintiff all through his cross-examination of the defendant to insinuate that the defendant was crooked and to talk in an insulting manner about the fact that he had represented both parties in the transaction. (8) The defendant should have been allowed to introduce proof as to the value of the Easton avenue property because this had a direct bearing first as to whether or not the plaintiff had suffered any damages, and, second, as to the honesty and integrity of the plaintiff and whether or not he himself was guilty of fraud. (9) It was error to permit counsel for plaintiff to make in his address to the jury remarks which were highly prejudicial on the subject of so-called double dealing since this was not an issue in the case and had merely been pleaded as matter in inducement and it was error for the court after the defendant's counsel had objected to the same to fail to direct the jury to disregard such highly prejudicial remarks (State v. Connor, 252 S. W. 713; Fathman v. Tumulty, 34 Mo. App. 236; Wells v. Wells, 144 Mo. 198, 38 Cyc. 1494; Haynes v. Town of Trenton, 108 Mo. 123; Mahner v. Linck, 70 Mo. App. 380, 1 Thompson on Trial (2 Ed.), pars. 955, 958).

*Adolph Abbey* and *Abbott, Fauntleroy, Cullen & Edwards* for respondent.

BECKER, J.—This is an action by a principal against his agent for alleged breach of duty in effecting an exchange of certain parcels of real estate. It is in effect an action for money had and received on account of fraud and deceit. The jury's verdict found in favor of plaintiff, and assessed his damages at the sum of

$1039, with interest. From the resulting judgment of $1189.63 the defendant appeals.

The essential allegations of plaintiff's petition, which the evidence adduced on behalf of the plaintiff, if believed, tended to prove, are to the effect that the plaintiff was the owner of certain improved real estate situated on Easton avenue in the city of St. Louis; that he employed the defendant to act as his agent in negotiating an exchange of said property for certain other improved property situated on Lindell boulevard in said city; that the defendant concealed from the plaintiff that he was acting for or was to receive compensation from the owner of the Lindell boulevard property, and induced the plaintiff to enter into a written agreement with one Russell T. Padfield for the exchange of said properties, under the terms of which the plaintiff was to pay Padfield $6000 in cash and convey to him the said Easton avenue property, subject to certain incumbrances, and Padfield in turn was to execute and deliver back to plaintiff a series of notes aggregating $15,500, secured by a second deed of trust on the said Easton avenue property; that shortly after said contract was signed plaintiff learned that the defendant was to receive a commission ostensibly from Padfield, and that plaintiff thereupon notified defendant that he would not be bound by the contract; that thereupon defendant assured plaintiff that he had used his best efforts in the matter and was in a position to and had secured the lowest possible price on the said Lindell boulevard property; that said Padfield was in fact the true owner of said property, and was financially able to pay all obligations growing out of the transaction, including taxes, interest on the first deed of trust, as well as the notes (secured by a second deed of trust on the Easton avenue property) which the said Padfield was to execute and deliver to plaintiff in the event the exchange was consummated, as and when the same would fall due; that defendant further represented that the Lindell boulevard property was worth $60,000 and could not be ob-

tained for less; that the said Lindell boulevard property had bona-fide deeds of trust against it aggregating $41,000; that the defendant, however, concealed from the plaintiff the fact that one of the deeds of trust on the Lindell boulevard property contained an assignment of rents; that each of these said representations made by the defendant was false, and known at the time to the defendant to be false, but that the plaintiff, relying upon the truth of said representations, was induced to and did complete the exchange of the said properties; that in truth and fact the Lindell boulevard property was worth not to exceed $50,000; that the said Padfield was in fact only a straw man and without any financial responsibility whatsoever, and that parties other than Padfield were the real parties in interest; that Padfield failed to pay the taxes upon the Easton avenue property, failed to pay the interest notes on the first deed of trust on the Easton avenue property when the same fell due, and that by reason thereof the Easton avenue property was later sold under a foreclosure sale; that the defendant received $1500 from Padfield and the further sum of $900 from the plaintiff as commission for making the exchange of properties. The petition concludes with a prayer for a judgment of $2400, the aggregate of the two above-mentioned sums alleged to have been received by the defendant as his commission for making the deal. Defendant's answer was a general denial.

As indicated above, the testimony adduced on behalf of plaintiff, if believed, tended to support the allegations of his petition, whereas the testimony for the defendant was in direct conflict with that of the plaintiff, and, if believed, would have warranted a verdict and judgment for said defendant.

The instruction on the measure of damages given by the court at the request of plaintiff below directed the jury that if, under the instructions and the evidence they found a verdict for plaintiff, they should assess the amount of plaintiff's recovery—

"(1) At such sum as you may find from the evidence plaintiff paid to defendant as a commission, together with six per cent. thereon from the date when it was paid.

"(2) You should find for him in the further sum equal to the sum of money, if any, you may find and believe from the evidence Altheimer received from William H. Leahy out of the $6,185.26 which Abbey paid on the closing of the deal, together with six per cent. interest thereon from the time when the defendant received them."

The evidence adduced at the trial, and it is abundant and not controverted, conclusively shows that the defendant received $900 from the plaintiff and a check in the sum of $1039 from the plaintiff as his commission, yet, though each of these sums which the defendant received as a commission from the parties to the exchange of properties is uncontroverted, and though it is these said two sums which are specifically set up in plaintiff's petition as the damages sought thereunder to be recovered from the defendant, and further though the instruction on the measure of damages required the jury, if they found for the plaintiff, to assess the amount of plaintiff's recovery at an aggregate sum made up of each of the two items of commission, the jury, though they found for plaintiff, returned a verdict only in the sum of $1039, with interest, being the exact amount which it is conceded defendant received as part commission out of the cash paid by the plaintiff on the closing of the deal, and does not include the $900 item paid defendant by plaintiff.

In light of this situation defendant urges that the verdict is not responsive to the issues raised by the pleadings and the proof, and is directly in the teeth of the instruction of the court on the measure of damages, and that, consequently, no matter what caused the jury to arrive at this erroneous verdict, it is contrary to law, and the trial court should not have allowed it to stand. The point is well taken.

Conceding that plaintiff adduced evidence tending to prove the allegations of his petition, there is assuredly no evidence which supports the verdict, "for the verdict is not responsive to the issues nor to any testimony in the case, nor can it be upheld upon any theory of fact or law asserted or claimed by either party to the action, but on the contrary is flagrantly in the teeth of the true law and of the instructions given to the jury by the trial court." [Cole v. Armour, 154 Mo. 333, loc. cit. 353, 55 S. W. 476, 482.]

And in the Cole case, supra, our Supreme Court further ruled that the fact that the party recovering the judgment makes no complaint of the size of the verdict does not make the verdict responsive to any issue or theory of the case.

The sole issue in this case as tried below was the question of false representations *vel non*. The damages concededly under the pleadings, the evidence and the instructions were unalterably fixed and certain, and so much as in our view as it would be possible in any action *ex contractu*.

This is not a case where it can be said that the judgment is unquestionably for the right party, for, as we have stated above, the evidence adduced by plaintiff and by defendant is in sharp conflict on the sole issue, namely, false representations *vel non,* and the jury could with equal propriety under all the evidence have reached a verdict for defendant instead of for plaintiff. There were no equities or mitigating circumstances that the jury could take into consideration, and their verdict may well be viewed as a substitution of their own arbitrary notions of rough justice instead of a compliance with the instructions of the judge as to the law of the case which it was their sworn duty to obey. Clearly in this case, under the record as we have it before us, the verdict, if for plaintiff, had to be for $1939; there is no middle ground which the jury could take, unless arbitrarily and in disregard of the court's instruction. While the rule here sought to be invoked has in the great majority of

cases been applied in cases arising *ex contractu* (Cole v. Armour, supra; Witty v. Saling, 171 Mo. App. 574, 154 S W. 421; Weisels-Gerhardt R. E. Co. v. Pemberton Inv. Co., 150 Mo. App. 626, 131 S. W. 353; Wehringer v. Ahlemeyer, 23 Mo. App. 277, loc. cit. 281, Fulkerson v. Bollinger, 9 Mo. 838; Todd v. Boone County, 8 Mo. 431), yet the rule should seemingly be equally applicable in those cases arising *ex delicto* where the question of the amount that should be recovered, if any, is (as in the instant case) definitely and unalterably fixed and certain and not a contested issue in the case. [Keeley v. Peeples, 192 Mo. App. 435, 182 S. W. 809, loc cit. 812; Morris v. Ry. Co., 136 Mo. App. 393, loc. cit. 398 et seq., 117 S. W. 687; Morey v. Feltz, 187 Mo. App. 660, 173 S. W. 82; St. Paul Machinery Mfg. Co. v. Mfg. Co., 198 Mo. App. 416, 200 S. W. 89, loc. cit. 90, 91.]

Therefore, in our opinion, the verdict must be viewed as not responsive to the issues raised by the pleadings and the proof, and as directly in the teeth of the instruction of the court on the measure of damage, and, whether this erroneous verdict resulted from confusion or from a willful disregard of the court's instruction, or whether the jurors were unable to agree on the main issue, and compromised their differences by allowing plaintiff to recover only that part of the commission which the defendant received out of the cash money paid by plaintiff to the other party to the contract of exchange of properties, the verdict is contrary to law, and the trial court should not have allowed it to stand.

The record before us discloses that the plaintiff below, after the defendant had filed his motion for new trial, and before said motion had been acted upon by the trial court, filed an "affidavit of plaintiff in opposition to defendant's motion for new trial," in which affidavit plaintiff says "that defendant has waived his right to apply for or obtain a new trial in this cause, for the reason that he has pleaded the same in defense of and as a bar to another action pending between plaintiff and

said Eugene J. Altheimer et al. . . .'' The court. thereafter overruled defendant's motion for a new trial.

It is urged here by respondent, plaintiff below, that the defendant below, by his action in pleading the judgment in the instant case as a bar to the prosecution on the said other action, waived his right to a new trial in the instant case below, and, further, that by said act the defendant expressly or impliedly recognized the validity of the judgment rendered against him, and has thereby waived his right to appeal therefrom. There is no merit in this contention.

' Respondent's contention, if allowed, would be tantamount to holding that, after defendant had lost his case in the circuit court below, he would either have to submit to having the judgment stand against him as a finality, though he believed it to be erroneous, or else be compelled to go into the circuit court and again defend himself against another suit for the same cause of action. This is not the law.

Section 1226, Revised Statutes 1919, provides, as one of the grounds for which the defendant may demur to plaintiff's petition, if it appear upon the face thereof, "that there is another action pending between the same parties, for the same cause, in this State," and section 1230 provides that, when any of the matters enumerated in section 1226 do not appear on the face of the petition, objection may be taken by answer. These statutes in our view sufficiently answer respondent's contention. However, even without adverting to the statutes, supra, there is abundant authority holding contrary to respondent's view. In Rodney v. Gibbs, 184 Mo. 1, 82 S. W. 187, in the course of the opinion it is said:

"In the recent case of Edmonston v. Carter, 180 Mo. 515, decided by Division 1 of this court, this identical question arose. In that case the defendants interposed in their answer the same facts which had been pleaded in Roden v. Helm, in the circuit court of Audrain county, and in which case the judgment had gone for the plaintiff against that defense and the cause appealed to this

court, and the plaintiff in his reply pleaded the former recovery in Roden v. Helm, setting out the pleadings and recovery at length. Judge VALLIANT, in the course of his opinion, says, 'From this record it will be seen that the defendants in this ejectment suit set up for their defense the same state of facts that they set up in the Roden case, upon which facts the circuit court in that case passed its final judgment. That judgment is valid and binding upon the parties as long as it remains unreversed. It was not competent for the circuit court in this case to retry those issues, either of law or of fact.' . . .

"In Ransom v. City of Pierre, reported in 41 C. C. A. 585, Judge THAYER reached the conclusion that the weight of authority as well as reason is that when a case is removed to an appellate court by a writ of error or an appeal and it is not to be tried there *de novo,* but it is to be determined by an examination of the record, and the judgment either reversed or affirmed or modified, such an appeal or writ of error does not vacate the judgment below or prevent it from being pleaded or given in evidence as an estoppel upon issues that were tried and determined, unless some local statute provides that it shall not be so used pending the appeal. The following cases fully support that view: Creighton v. Keith, 50 Neb. 810; Cloud v. Wiley, 29 Ark. 80; Moore v. Williams, 132 Ill. 589; People ex rel. v. Reckert, 159 Ill. 496; Bank v. Bank, 73 Hum, (N. Y.) 78; Smith v. Schreiner, 86 Wis. 19; Parkhurst v. Berdell, 110 N. Y. 386; Burton v. Burton, 28 Ind. 342; Scheible v. Slagle, 89 Ind. 328; Faber v. Hovey, 117 Mass. 107; Young v. Brehe, 19 Neb. 379; Bank v. Calvit, 3 Smed. and Mar. 143." [See, also, Pittsburgh Ry. Co. v. Swinney, 91 Ind. 399, loc. cit. 402, 403; M., K. & T. Ry. Co. v. Bagley, 65 Kan. 188, 69 Pac. 189, 3 L. R. A. (N. S.) 259; Ostrander v. Campbell, 51 Hun, 647, 3 N. Y. Supp. 597; Brewster v. Wooster (Super. Ct.) 26 N. Y. Supp. 912.] The point is ruled against respondent.

We have considered the other assignments of error, but, in light of our views expressed herein, we deem it unnecessary to advert to them specifically.

For the reasons assigned above, the judgment of the circuit court is reversed, and the cause remanded. *Allen, P. J.,* and *Daues, J.,* concur.