Hardin L. SCOTT, Administrator of Hazel M. Scott, Deceased, and Hardin L. Scott, Respondents,

v.

ALLSTATE INSURANCE COMPANY and Clifford T. Coy, Appellants.

No. 27877.

Missouri Court of Appeals, Kansas City District.

June 1, 1976.

Robert J. Graeff, Kansas City, for appellants.

Allan R. Browne, Ennis, Browne, Martin & Tapp, Kansas City, for respondents.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal by defendants from order sustaining motion for new trial on behalf of one of two plaintiffs.

The cause has been submitted here on the following stipulation:

"This case arose in the Circuit Court of Missouri, Sixteenth Judicial Circuit in Jackson County, Missouri, from an automobile collision occurring at 23rd and I–435, in Kansas City, Missouri. Defendant Coy was proceeding east in the right hand lane of two east-bound lanes on 23rd Street and a car which Hardin Scott was driving and in which Hazel Scott was a guest had been proceeding west in the lane provided for a left turn; at the time of collision, the Scott car had turned south to proceed on I–435. The intersection had traffic lights which, in a certain sequence provided a left turn arrow for west-bound traffic. When the left turn green arrow was on, east-bound traffic had a red light. The factual issue was whether defendant Coy negligently speeded as he drove along and failed to yield to the Scott car and whether the Scott car proceeded with the right-of-way of a left turn arrow, or otherwise; as to the two counts

relating to the injuries of Hardin Scott, the driver, only, the issue was whether he was compelled to yield to east-bound traffic and negligently failed to do so. Both Hardin Scott and Hazel Scott were injured in the collision. There was no evidence and no submission to the jury that Hazel Scott, a guest in the automobile, was guilty of any negligence, actual or imputed. Prior to trial, Hazel died of causes other than injuries resulting from the collision, and Hardin Scott was substituted as her Administrator.

"The east-bound driver, Coy, was a named defendant in each of two counts, but was uninsured, and the Allstate Insurance Company, the uninsured motorist carrier was added in two separate counts.

"The issues were tried under the pleadings attached and the jury received the instructions attached, numbered 1–17.

"Instruction 2 was the verdict director for Hazel Scott's case against Coy under Count I. Instruction 3 was Hardin Scott's verdict director for his injuries against Coy under Count II. Instruction 4 was the verdict director for Hazel's injuries against Allstate on Count III. Instruction 5 was the verdict director for Hardin Scott's injuries against Allstate under Count IV. Instruction 7 was the contributory negligence instruction specifically applying only to the instructions under Counts II and IV (Hardin Scott). Instruction 14, burden of proof instruction, as to Counts I and III (Hazel Scott), did not provide for any defense of contributory negligence.

"The verdict read as follows:

" 'We, the undersigned, find the issues as to Count I, II, III and IV in favor of the defendant under Instruction VII.'

"The verdict was not specifically objected to when read in Court, but was objected to in plaintiffs' motion for a new trial. The Court granted a new trial as to each Count involving Hazel Scott.

■ "The single issue involved in this appeal is whether the administrator for Hazel Scott is entitled to a new trial as granted by the Court on Counts I and III."

The trial court correctly concluded that the verdict against respondent as administrator of the estate of Hazel Scott was erroneous because it found the issues against her claim on the basis of contributory negligence on the part of the driver. As the stipulation recognizes, contributory negligence was not a proper issue with respect to the claim of Hazel Scott. "A verdict will be set aside when it is apparent from its form that the jury misapprehended the issue." 89 C.J.S. Trial § 501, p. 170 (1955).

Appellants argue that the reference to Instruction 7 should be considered surplusage and the verdict corrected by deleting such reference, leaving a valid general verdict. In support of the argument appellants cite *Crystal Tire Company v. Home Service Oil Company*, 465 S.W.2d 531, 533–535[4] (Mo.1971), and *State ex rel. St. Louis Public Service Co. v. Becker*, 334 Mo. 115, 66 S.W.2d 141, 144–146[2, 3] (1933), in which it was held that where a jury fixes plaintiff's damages against two defendants at a gross amount but then endeavors to apportion the gross verdict between the defendants, the attempted apportionment will be disregarded as surplusage and the verdict will stand against both defendants for the gross amount.

Appellants assert that in those cases the jury failed to follow the instruction, yet the verdict, stripped of the surplusage, was permitted to stand. The situation there is distinguishable from this case in that in those cases the jury went beyond the instruction in attempting the apportionment, after they had fixed the damages to which plaintiff was entitled under the court's instruction.

Here, the verdict was determined, according to its terms, on an wholly erroneous basis, insofar as respondent is concerned. " * * * [W]here it clearly appears that the jury did not comprehend the charge, and brought in its verdict on an erroneous view of law, the verdict will be set aside." 89 C.J.S. Trial § 510, p. 188 (1955). That principle has been recognized and applied in cases in this state. See *Abbey v. Altheimer*, 215 Mo.App. 1, 263 S.W. 471, 472–473[1]

(1924); *Akin v. Matthews*, 50 S.W.2d 689 (Mo.App.1932); *Cole v. Armour*, 154 Mo. 333, 55 S.W. 476 (1900); *Schulte v. Crites*, 318 S.W.2d 387, 390–391[3][4] (Mo.App. 1958).

Appellants' contention that respondent waived objection to the verdict by not voicing an objection at the time the verdict was returned is without merit. *Stroud v. Govreau*, 495 S.W.2d 682, 684–685[3] (Mo. App.1973). Cases relied upon by appellants, such as *Cobb v. Cosby*, 416 S.W.2d 222 (Mo. App.1967), *Bunch v. Crader*, 369 S.W.2d 768 (Mo.App.1963), and *Cable v. Metropolitan Life Ins. Co.*, 233 Mo.App. 1093, 128 S.W.2d 1123 (1939), involved a legally sufficient verdict which contained a formal deficiency not shown to have been prejudicial to the complaining party.

Order affirmed and cause remanded for new trial.

All concur.