### BADGER *v.* RANLETT.

1. Cotton-ties, each consisting of an iron strip and an iron buckle, were, in 1880, imported in bundles, each bundle consisting of thirty strips and thirty buckles, each strip eleven feet long, the whole blackened. *Held*, that they are subject to a duty of thirty-five per cent *ad valorem*, as " manufactures of iron, not otherwise provided for," under schedule E of sect. 2504 of the Revised Statutes, and not to a duty of one cent and one-half per pound, under said schedule, as "band, hoop, and scroll iron."

2. The question as to whether the ties are subject to some other rate of duty than one of those two not having been raised below, cannot be raised by the plaintiff in error in this court.

ERROR to the Circuit Court of the United States for the Eastern District of Louisiana.

The firm of D. L. Ranlett & Co. imported into the port of New Orleans, from Liverpool, England, in 1880, certain

articles, entered some as "bundles black iron cotton-ties, thirty strips each bundle, and thirty Kennedy buckles;" others as "bundles blacked iron cotton-ties, arrow buckles, No. 4, thirty buckles and thirty strips to each bundle, eleven feet;" others as "bundles blacked iron cotton-ties, Kennedy buckles, thirty buckles and thirty strips to each bundle, eleven feet." Having paid under protest the exacted duty of one cent and one-half per pound on the weight of the iron strips and the buckles, the importers, claiming that the lawful duty was thirty-five per cent *ad valorem*, appealed to the Secretary of the Treasury, who affirmed the decision of the collector. This suit was then brought against the latter by the importers. The petition alleges that the imported goods were "manufactures of iron, viz. certain invoices of black iron cotton-ties," "in bundles of thirty strips each, cut to the required length of eleven feet, and sundry buckles", "being thirty buckles to each bundle of said ties;" that the proper duty was thirty-five per cent *ad valorem*, and no more, because the ties, composed of the strips and buckles in said bundles, constituted a manufacture of iron for a special and important purpose, and were "manufactures of iron not otherwise provided for;" and that, even if the strips of iron were not to be admitted at a duty of thirty-five per cent *ad valorem*, the duty on the buckles could not lawfully have exceeded that rate, while that exacted on them amounted to an excess of $750. The whole amount claimed to be recovered back was $3,762.

The question involved arises under sect. 2504 of the Revised Statutes, which, in schedule E, imposes the following duties: "All band, hoop, and scroll iron, from one-half to six inches wide, under one-eighth of an inch in thickness, and not thinner than number twenty, wire gauge; one and one-half cents per pound. . . . All other descriptions of rolled or hammered iron, not otherwise provided for; one cent and one-fourth per pound. . . . Manufactures . . . not otherwise provided for, of . . . iron, . . . thirty-five per centum *ad valorem*."

The bill of exceptions states that on the trial certain facts were "conceded, as set forth in note of evidence and statement of facts filed in the cause in open court;" that "a sample of the articles of merchandise imported by plaintiffs, and described

in the petition," was "produced and exhibited to the jury;" that "witnesses" were "produced on the part of the plaintiffs and on the part of the defendant;" that it was "claimed on the part of the plaintiffs that the imported articles, for the recovery of a portion of the duties paid upon which this suit was brought, should have been classed and subjected to duties as cotton-ties, under the designation 'manufactured articles not otherwise provided for;'" and that it was "claimed on the part of the defendant that the said imported articles should have been classed and subjected to duties under the designation 'band or hoop iron.'" The "note of evidence and statement of facts" sets forth that the plaintiffs introduced the entries of the goods, and then proceeds: "It was admitted that the allegations of petition were correct as to partnership of plaintiffs, ownership and importation of property, amount of same, and duties paid, and protest, appeals and affirmance of collector's decision, and that the only issue disputed by defendant is the question, which is the sole question to be decided, whether the articles of merchandise described in the petition are dutiable under schedule E as hoop, band, or scroll iron, or as 'manufactures of iron not otherwise provided for' in said schedule. In case the plaintiffs be entitled to recover, it is understood that the amount is $3,722.99."

At the request of the defendant the court charged that "if the jury find from the evidence that the articles imported by the plaintiffs consisted of iron bands, blackened, cut into lengths of eleven feet, and put up in bundles of thirty, with thirty buckles on one band in each bundle, and not permanently attached, then the fact that the buckles accompany the bands will not prevent the bands from being included in and dutiable under the denomination of band iron." The court further charged "that the practical question to be determined by the jury is, whether the articles imported by plaintiffs are band, hoop, or scroll iron, or, on the other hand, cotton-ties;" that "this question must be determined by mercantile usage, as shown by the testimony in the cause; that, if the jury find from the evidence that said articles are cotton-ties, and are known in commerce as such, then they are subject to a duty of thirty-five per cent *ad valorem;*" but that, "if the

jury find that they are band, hoop, or scroll iron, and known in commerce as such, they are subject to a duty of one and a half cents a pound." The defendant excepted to said "last charge, and to each part of the same." The verdict was in these words: "We, the jury, find a verdict for the plaintiff in the sum of $3,722.99, and that sample on exhibition in court, and in controversy, is cotton-ties." A judgment was entered for said amount, and the collector brought this writ of error.

*The Solicitor-General* for the plaintiff in error.

*Mr. William Wirt Howe* and *Mr. J. H. Kennard, contra.*

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

The plaintiff in error contends that the court charged the jury, in substance, that if the goods were, and were known as, cotton-ties, they could not be at the same time band iron; and that this was error. The argument is, that the term "band iron" may include an article known as a "cotton-tie;" that to say that one sort of band iron is known by the name of "cotton-tie" is not to say that necessarily it is no longer band iron; that all that was done to the band iron was to cut it into lengths of eleven feet and blacken it; and that this is not to make a manufacture of iron not otherwise provided for, within the statute.

The charge complained of must be considered in connection with all that occurred at the trial, as shown by the record. The "note of evidence and statement of facts" says that the only issue disputed by the defence, and the only question to be decided, was, whether the articles "described in the petition" are dutiable as hoop, band, or scroll iron," or as "manufactures of iron not otherwise provided for." The description in the petition says that the articles are iron cotton-ties, in strips, each "cut to the required length of eleven feet," with a buckle to each strip. The record shows that there was evidence given on the trial by witnesses for both parties, but on what subject does not appear, except that some evidence was given as to "mercantile usage." Evidence may have been given as to whether the strips were cut in lengths from merchantable band iron, or cut in lengths in the process of original manufac-

ture.  The agreed issue was as to whether the articles, so far as the strips were concerned, were "band iron," or "manufactures of iron not otherwise provided for."  The court placed the issue before the jury as being whether the articles, so far as the strips were concerned, were "band iron" or "cotton-ties."  Of course, the buckles were not band iron.  The charge was to the effect that if the articles were known in commerce as "cotton-ties," and were not known in commerce as "band iron," they were subject to a duty of thirty-five per cent *ad valorem*, as "manufactures of iron not otherwise provided for," and not to duty as "band iron."

The petition avers that the cotton-ties, composed of the strips and buckles, "constitute a manufacture of iron for a special and important purpose."  It is to be assumed that this fact was proved under the general issue pleaded.  The verdict distinctly finds that the articles were "cotton-ties," which is to be taken as a finding that the articles were not "band iron."  Not being "band iron," they could not, under the issues tried, have been other than "manufactures of iron not otherwise provided for."  The substance of the whole charge was, that if the jury found that the articles were "band iron," the correct duty had been imposed and the plaintiffs could not recover.  The strips not being band iron, and the buckles, certainly, not being band iron, the proper duty was thirty-five per cent *ad valorem*.

The plaintiff in error further contends that the court erred in charging that if the articles were not "band iron" they were subject to a duty of thirty-five per cent *ad valorem*.  The contention is, that if what appears to have been done in respect of the strips, to produce the article, amounted to a manufacture, it brought the article within the duty of one cent and one-fourth per pound, as falling under the head of "all other descriptions of rolled or hammered iron, not otherwise provided for."  But, by the "note of evidence and statement of facts" the defendant admitted that the only question which he raised was whether the articles were "band iron," and so dutiable at one cent and one-half per pound, or whether they were dutiable at thirty-five per cent *ad valorem*, as "manufactures of iron not otherwise provided for."  This is shown by the record to have been the only question tried.  The plaintiff in error

cannot here raise the question as to a duty of one cent and one-fourth per pound, because it does not appear that he raised it on the trial. The bill of exceptions distinctly states that his only contention was that the articles were dutiable as "band or hoop iron."

*Judgment affirmed.*