## ANDERSON v. WOOD.

(Supreme Court, Appellate Term. June 1, 1906.)

1. **APPEAL—GROUND OF REVIEW—RESERVATION IN TRIAL COURT—EXCEPTIONS.**

The propriety of an instruction cannot be reviewed on appeal, in the absence of an exception taken thereto at the trial.

[Ed. Note.—For cases in point, see vol. 2, Cent Dig. Appeal and Error, § 1516.]

2. **SAME—SETTING ASIDE VERDICT—DISCRETION—REVIEW.**

An order setting aside a verdict as against the weight of the evidence will not be reversed on appeal, unless it clearly appears that there has been an abuse of discretion.

3. **TRIAL—VERDICT—RESPONSIVENESS TO ISSUES.**

Complainant contracted to sell defendant certain information for use in defendant's divorce suit against her husband for $2,500. Defendant paid plaintiff $500 and executed her note for the balance. In an action on the note, defendant claimed that the note was obtained by plaintiff's false representations, and filed a counterclaim to recover the $500 paid, alleging breach of a condition that the information should be such that the mere mention of the facts disclosed would compel settlement of the divorce suit without further trouble or notoriety. Held, that a verdict for defendant, which left plaintiff to keep the $500 paid, but exonerated defendant from liability on the note, was unsustainable on any theory, and was properly set aside.

4. **APPEAL—REVIEW—GROUNDS OF DECISION.**

Where an order setting aside a verdict was sustainable for any reason, it was immaterial that it was not justified on the ground on which it was based by the trial court.

Appeal from City Court of New York, Special Term.

Action by Catherine H. Anderson against May Wood, otherwise known as Mrs. John Reilly. From an order of the City Court of New York, setting aside a verdict in favor of defendant, she appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Douglas A. Levien, for appellant.

E. W. Tyler, for respondent.

GILDERSLEEVE, J. This is an appeal from an order of the trial term of the City Court, setting aside the verdict of a jury in favor of the defendant and granting a new trial, upon the ground that the verdict is against the weight of evidence. The action is on a promissory note, and the defense is want of consideration and a counterclaim of $500, alleged to have been paid by defendant to plaintiff by reason of false representations made by plaintiff to defendant. It appears that plaintiff claimed she had important information which would aid defendant in her divorce suit against her husband then pending. As a consideration for the giving of the alleged information, and as a condition precedent thereto, defendant gave to plaintiff $500 in cash and a note for $2,000. There was a considerable conflict of evidence on some branches of the case. The defendant claimed that the promised information was to be of the adultery of defendant's husband with a person of such a standing in society that the mention of her name would "compel settlement" of defendant's divorce suit without further trouble or notoriety, and that the plaintiff agreed that, if this was not accomplished in 30 days, the note was to be surrendered. The defendant claimed, further, that she had plenty of information already to prove her case, and that she, in point of fact, did not use plaintiff's information, although she conceded that she did find evidence of her husband's adultery at one of the places mentioned by plaintiff, and that she took a woman from this place as her servant, so as to have her as witness, but discharged her before the trial of the divorce case. The defendant's divorce case was not settled within 30 days, and defendant claims that the information given by plaintiff was worthless, and that the persons with whom her husband committed adultery at the address given by plaintiff were not women of any social standing, but mere prostitutes.

The defendant's divorce case was, in point of fact, never "settled," but was tried in open court and judgment given in her favor. In many particulars defendant's evidence is corroborated by another witness. The court submitted the case to the jury in a fair and comprehensive charge, to which no exceptions were taken. The jury thereafter sent in the following question, viz.:

"Can we find a verdict for the note and the counterclaim separately?"

To this question the court replied:

"No; that would be finding for each party. You should find for one or the other; that is, for the note, $2,000, or for the defendant; that is, that she is not liable for the note, or, if the counterclaim is sustained, then a verdict for the defendant for $500. You are not entitled to make a reduction from the face of the note of the $500, because it is not pleaded by the parties in such form as to warrant such a verdict."

No exception was taken to this instruction. The jury then rendered a verdict "for the defendant." The effect of such verdict was that

plaintiff retained the $500 already paid her, while defendant was relieved from payment of the $2,000 note. In other words, the jury apparently thought that the $500 was sufficient payment for whatever information plaintiff may have given to the defendant, and they allowed the amount of the counterclaim apparently on the theory of a partial failure of consideration.

The learned counsel for plaintiff urges that under the decision of McKnight v. Devlin, 52 N. Y. 399, 11 Am. Rep. 715, the jury could have allowed that or any other sum by way of partial failure of consideration, and that they would have allowed $1,500, the difference between the amount of the note and that of the counterclaim, had it not been for the above quoted instructions of the court. But, as no exception was interposed to such instruction, that contention is not available, and calls for no discussion here. The general rule is that when a verdict has been set aside by the trial court, in the exercise of its discretionary power, as against the weight of evidence, this determination ought not to be reversed by an appellate court, unless it appears clearly that injustice has been done to the defeated party, or unless there has been an abuse of discretion. Serwer v. Serwer, 71 App. Div. 415, 75 N. Y. Supp. 842. In the case at bar can it be said that the verdict is so against the weight of evidence as to indicate that the jury wholly disregarded or misapprehended the testimony, or were influenced by passion or prejudice in rendering their verdict? The learned court in its opinion particularly states that :

"It can scarcely be successfully alleged that the jury misbehaved, or acted upon mere impulse, bias, or willful disobedience of instructions."

Was there evidence of a material and competent character which, if believed, would sustain the verdict? As we have seen, defendant claimed a total failure of consideration for the note, and counterclaimed for the $500 already paid to plaintiff, while the jury apparently found that there was a partial failure of consideration, and allowed plaintiff to keep the $500 already paid to her by defendant. The evidence both of plaintiff and defendant would seem to leave little room for doubt that the $2,000 note and the $500 cash were elements of one entire contract. Plaintiff was to furnish certain information for $2,500, part of which was paid in cash and part by a note. Defendant claims a total failure by plaintiff to carry out this contract. If this claim be correct, defendant was entitled to get back her $500, in addition to being freed from the obligation to pay the note. Plaintiff claims she fully carried out her contract. If so, she is entitled, not only to keep the $500 cash, but to recover the amount of the note. The verdict, therefore, must have been based on a compromise, and is not warranted by the evidence. It is true that it was not upon this particular ground that the court below based its decision; but if, for any reason, the order was proper, it should be sustained on appeal, even though the wrong ground were assigned by the trial justice. O'Gorman v. Teets, 20 Misc. Rep. 359, 45 N. Y. Supp. 929 (Appellate Term decision).

The order appealed from should be affirmed, with $10 costs to respondent. All concur.