### In re FEDERAL CONTRACTING CO.

### WILLS v. FIRST NAT. BANK OF BEARDSTOWN.

(Circuit Court of Appeals, Seventh Circuit. January 14, 1914.)

No. 2049.

1. ACKNOWLEDGMENT (§ 61*)—CERTIFICATE—DEFECTS—EVIDENCE.

Where chattel mortgages, given by a corporation having its principal office and residence in the First district of the municipal court of Cook county, were acknowledged before a clerk "of the municipal court in the ——— district, in the county of Cook," or before "clerk of the municipal

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court of the First district in the county of Cook," the irregularities in the acknowledgments, tested by the requirements in Illinois Mortgage Act (Hurd's Rev. St. 1913, c. 95), § 2, providing that in counties having a population of more than 200,000, chattel mortgages shall be acknowledged before a clerk of the municipal court in the district in which the mortgagor resides, could be remedied by evidence, and, when so remedied, the acknowledgments were in accordance with the statute.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 336–344; Dec. Dig. § 61.*]

2. CORPORATIONS (§ 440*)—POWERS—RIGHT TO BORROW MONEY.
A corporation, organized for pecuniary profit under Hurd's Rev. St. Ill. 1913, c. 32, § 1 et seq., has power to borrow money and execute a mortgage to secure the same.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1775–1777; Dec. Dig. § 440.*]

3. BANKRUPTCY (§ 464*)—APPEAL—QUESTIONS REVIEWABLE.
Where no error was assigned to the action of the district court in bankruptcy on a petition in intervention, the action was not before the Circuit Court of Appeals on appeal.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 464.*
Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of Illinois; J. Otis Humphrey, Judge.

In the matter of bankruptcy proceedings of the Federal Contracting Company, bankrupt. From an order of the District Court directing a sale of property mortgaged to the First National Bank of Beardstown, and applying the proceeds to satisfy the mortgage, and holding the balance for the further order of the court, William V. Wills, trustee in bankruptcy, appeals. Affirmed.

From the agreed statement of facts, it appears that the Federal Contracting Company, being indebted to the First National Bank of Beardstown, Cass county, Ill., in the sum of $20,000, according to the terms of its five promissory notes, did on November 9, 1911, make, execute, and deliver to said bank its two certain chattel mortgages, covering personal property in said county of Cass, for the purpose of securing said notes. One of said mortgages was acknowledged twice—once before Homer K. Galpin, "a clerk of the municipal court in the ———— district, in the county of Cook and state of Illinois," and once before a justice of the peace "of the city of Beardstown in the county of Cass and state of Illinois." The other was acknowledged once before "Homer K. Galpin, clerk of the municipal court of the First District in the county of Cook," etc., and again before "a justice of the peace of the city of Beardstown in the county of Cass and state of Illinois." Each of said mortgages was twice recorded—once in the recorder's office for Cook county, Ill., on May 16, 1912, and once in the recorder's office for said Cass county, Ill., on May 20, 1912.

From the statement of facts it further appears that on December 30, 1912, creditors filed their petition asking to have said Federal Contracting Company declared a bankrupt. Afterwards such proceedings were had that said Federal Contracting Company, hereafter herein termed the bankrupt, was adjudicated a bankrupt on March 25, 1913.

On December 30, 1912, one of the creditors of the bankrupt filed its petition for, and the District Court granted, an order restraining said mortgagee, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

First National Bank of Beardstown, from attempting to foreclose its said mortgages or take possession of the mortgaged property, alleging that the chattel mortgages were invalid.

After the appointment of a trustee in bankruptcy, said bank filed its petition praying for a sale of the property covered by the mortgages, which was contested by the trustee upon the ground that the mortgages were improperly acknowledged, and for other reasons. The referee found in favor of the mort-'gagee, and ordered that the mortgaged property be sold and the proceeds applied on the several mortgage indebtedness. The trustee presented a petition for review by the District Court, which court approved and confirmed the referee's report.

For further facts see opinion filed in case No. 2047 in the same bankrupt's estate, entitled the Fairbanks Steam Shovel Company v. William V. Wills, trustee, etc., 212 Fed. 688, 128 C. C. A. ——, decided at the present session of this court.

The errors assigned are, in substance, that the court held the mortgages to be valid and ordered the mortgaged goods to be sold and the proceeds turned over to appellee.

Elbert C. Ferguson, of Chicago, Ill., William Mumford, of Pittsfield, Ill., and John C. Burchard, of Chicago, Ill., for appellant.

John A. Barber and Clayton J. Barber, both of Springfield, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). In cause No. 2047, 212 Fed. 688, 129 C. C. A. 224, decided at this term of the court, we held that the bankrupt's principal office and residence was at Chicago, Cook county, Illinois. That being so, the only matters now presented to the court for disposition, are whether the several acknowledgments of the chattel mortgages respectively comply with the requirements of the statute.

[1] By section 2 of the Illinois mortgage act as amended in 1905 (Hurd's Rev. St. 1913, c. 95), it is, among other things, provided that in counties having a population of more than 200,000, chattel mortgages shall, in the absence of a justice of the peace, etc., be acknowledged before a clerk or any deputy clerk of the municipal court in the district in which the mortgagor resides.

As will be seen from the statement of facts and the finding of the referee, both mortgages were actually acknowledged before the clerk of the municipal court of Chicago in the First district of said court, in which district the bankrupt had its principal office and residence. The irregularities in the acknowledgments, if they amount to such, might be and were remedied by the evidence before the referee. Harvey v. Dunn, 89 Ill. 585; Gilbert v. Sprague, 196 Ill. 444, 63 N. E. 993. We deem the mortgages acknowledged in accordance with the statute.

[2] The contention that the bankrupt was not empowered to borrow money is without merit. By the act in question the step taken was authorized and lawfully exercised.

[3] As to the action of the District Court upon the intervening petition of the Partridge Levee and Drainage District, no error has been assigned, and the same is therefore not before us.

We think the referee and the District Court were right in ordering

the trustee to sell the mortgaged property and apply upon the balance due the bank so much of the proceeds thereof as may be necessary to satisfy the same, and, if enough for that purpose is realized on the sale after paying costs accrued to hold the balance, if any, to abide the further order of the court.

The order of the District Court is therefore affirmed.