## WEINSTEIN v. LAUGHLIN et al.

Circuit Court of Appeals, Eighth Circuit.
September 6, 1927.

No. 7759.

**1. Appeal and error ⊗⟶169, 248—Circuit Court of Appeals will only review rulings on questions presented in lower court, with exceptions saved thereto.**

Circuit Court of Appeals will review only rulings made by the lower court on questions presented to that court for its consideration and when exception to such ruling is duly saved.

**2. Trial ⊗⟶333—Verdict and judgment in response to finding in clear and unmistakable language for defendant held valid, though jury failed to assess full damages.**

Where jury in clear and unmistakable language decided all issues against plaintiff and in favor of defendants, verdict and judgment entered thereon is valid, notwithstanding failure to assess full amount of damages to which defendants were entitled under counterclaim, since such failure does not indicate that jury did not find on that issue in favor of the defendants.

**3. Appeal and error ⊗⟶1033(9)—Inadequacy of verdict as to amount of damages ought not be subject of complaint by party against whom damages were assessed.**

Inadequacy of verdict as to amount of damages ought not to be subject of complaint by party against whom damages are assessed, when jury by their verdict clearly and definitely find against such party on issue on which damages are assessed.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by David Weinstein against Randolph Laughlin and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Harry S. Gleick, of St. Louis, Mo. (Joseph H. Grand, Greensfelder, Rosenberger, & Grand, and H. A. Gleick, all of St. Louis, Mo., on the brief), for plaintiff in error.

Jacob M. Lashly, of St. Louis, Mo. (Horace L. Dyer and Robert A. Holland, Jr., both of St. Louis, Mo., on the brief), for defendants in error.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

MOLYNEAUX, District Judge. The plaintiff in error, hereinafter referred to as plaintiff, an attorney at law, sued the defendants in error, hereinafter referred to as defendants, attorneys at law, on a contract whereby plaintiff was employed by defendants to render legal services as required in certain litigation for defendants. By the terms of the contract defendants were to pay

plaintiff for such services one-fourth of the fee that should be collected by defendants from their client.

The defendants, by their answer to the amended petition filed by the plaintiff, admitted the employment on the terms alleged, but denied that plaintiff had performed any of the services called for by the contract, but had obstructed the defendants in said litigation, and that, by reason of plaintiff's failure to perform the duties imposed upon him by the contract, he was not entitled to recover anything against the defendants.

The defendants further alleged that they had paid the plaintiff $1,000 in advance for said services to be performed, and had also advanced and paid to plaintiff $1,000 as an expense fund and asked judgment against plaintiff for the sum of $2,000.

Plaintiff by his reply admitted the receipt by him of said sums of money, and alleged he had properly expended $40 of said expense money under the terms of his agreement, and stated that he was ready to account for the balance, $960.

On the issues joined, the case was tried to the court and a jury.

The testimony introduced at the trial was conflicting, and would have sustained a verdict for either party.

The trial judge instructed the jury that, if the plaintiff had complied with the contract, or if his failure to comply to the letter of it was not due in any sense to his fault, that if he acted honestly, diligently, and in entire good faith, making every effort that was reasonably possible for an attorney to make on behalf of his client, then he was entitled to recover on his cause of action 25 per cent. "of whatever sum you may find was actually paid to the defendants in the case, less expenses, and less the $1,000. He is entitled to one-fourth of all they got, less expenses they paid, and ought to account, in diminution of that one-fourth, for the $1,000 retainer that he received."

The court further instructed the jury that, if they found that plaintiff was not entitled to recover of defendants on their cause of action, then the defendants would be entitled to recover of plaintiff the $1,000 retainer fee and $960 unexpended expense money. The jury returned a verdict as follows:

"We, the jury in the above-entitled cause, find the issues herein joined under the amended petition of the plaintiff in favor of the defendants, and against the plaintiff. And we find the issues herein joined under the amended answer and counterclaim of the defendants in favor of the defendants and against the plaintiff, and assess the damages of the defendants against the plaintiff in the sum of $960, together with interest thereon at the rate of 6 per cent. per annum from March 15, 1926, to date, amounting to $13.76, making an aggregate finding in favor of the defendants and against the plaintiff, under said answer and counterclaim in the sum of $973.76.

"[Signed] D. D. Dudley, Foreman."

Whereupon the court entered judgment on said verdict in accordance with the terms thereof, by which it was adjudged that the plaintiff in error take nothing by his suit in his behalf against defendants in error, and that defendants in error go hence without day under the cause of action set out in the amended petition of plaintiff in error, and recover from said plaintiff in error their costs and charges herein. It was further adjudged that defendants in error, under their counterclaim, have and recover from plaintiff in error the sum of $960, with interest.

1. The question which we are asked to consider is stated thus by plaintiff:

"Plaintiff in error submits on appeal only one question. The verdict of the jury is an anomaly; it is not responsive to the issues; it fails to follow the instructions of the trial court. The finding on plaintiff's cause of action is inconsistent with the finding on the counterclaim, and it failed, therefore, to decide the one and only issue in the case, whether plaintiff breached the contract."

In plaintiff's assignments of error, filed with the clerk of the court below with his petition for a writ of error, we find the following:

"Fourth. That the court erred. * * *

"Fifth. That the verdict was a compromise verdict, in that the jury found the issues against the plaintiff and in favor of the defendants upon the plaintiff's petition and found in the sum of $1,000 for the plaintiff and against the defendants upon the defendants' counterclaim, and that it is patent upon the face of the record that the verdict is inconsistent in both law and evidence."

There are other assignments of error filed in connection with the petition with the clerk of the court below, all of which, except the one quoted, are abandoned by the plaintiff. There are no assignments of error at all in plaintiff's brief, unless we may consider plaintiff's statement of the question presented for the consideration of the court as an assignment of error in compliance with rule 24 of this court.

Nowhere does plaintiff assign as error any

ruling or holding or charge of the lower court and no exception was saved in the lower court to any ruling of the court on any question presented here.

The question which plaintiff is asking this court to pass upon was not raised in or presented to the lower court, and the lower court has not ruled upon, nor been asked to rule upon it, nor had any opportunity to rule upon it.

The question sought to be raised here might have been raised in the lower court and presented for its ruling by the plaintiff objecting to the reception of the verdict by the court and by asking that the jury be instructed to reconsider the case and bring in a proper verdict; or the question might have been raised by objecting to the entry of judgment on said verdict or by a motion to set aside and vacate the judgment after it was entered, and the ruling of the court, if properly excepted to, would have been subject to review in this court.

[1] This court will review only rulings made by the lower court on questions presented to that court for its consideration and when exception to such ruling is duly saved. This should dispose of the case. Schneider Brewing Co. v. American Ice Mach. Co. (C. C. A.) 77 F. 138; Keator Lumber Co. v. Thompson, 144 U. S. 434, 12 S. Ct. 669, 36 L. Ed. 495; Parks v. Turner, 12 How. (53 U. S.) 39, 13 L. Ed. 883; Laber v. Cooper, 7 Wall. 565, 19 L. Ed. 151; Town of Brooklyn v. Ætna Life Ins. Co., 99 U. S. 362, 25 L. Ed. 419; Roach v. Hulings, 16 Pet. 319, 10 L. Ed. 979; Townsend v. Jemison, 7 How. (48 U. S.) 706, 12 L. Ed. 880; Shaw v. Merchants' Nat. Bank, 101 U. S. 557, 25 L. Ed. 892; Lesser Cotton Co. v. St. L. I. M. & S. Ry. Co. (C. C. A.) 114 F. 133; Bort v. McCutchen & Co. (C. C. A.) 187 F. 798; Board of Commissioners v. Sutliff (C. C. A.) 97 F. 270; Hecht v. Alfaro (C. C. A.) 10 F.(2d) 464; Choctaw, O. & G. R. Co. v. Jackson (C. C. A.) 192 F. 792; Board of Commissioners v. Home Savings Bank (C. C. A.) 200 F. 28; Eberhart v. United States (C. C. A.) 204 F. 884, 896; Maynard v. Reynolds (C. C. A.) 251 F. 784; United Mine Workers of America v. Coronado Coal Co. (C. C. A.) 258 F. 829; Simmons Hdwe. Co. v. Southern Ry. Co. (C. C. A.) 279 F. 929; Highway Trailer Co. v. City of Des Moines, Iowa (C. C. A.) 298 F. 71; Federal Mining & Smelting Co. v. Hodge (C. C. A.) 213 F. 605; Railway Officials' & Employés' Acc. Ass'n v. Wilson (C. C. A.) 100 F. 368, 373; Mercantile Trust Co. v. Hensey, 205 U. S. 298, 27 S. Ct. 535, 51 L. Ed. 811, 10 Ann.

Cas. 572; Wood v. Wilbert's Sons, 226 U. S. 384, 33 S. Ct. 125, 57 L. Ed. 264; Behn v. Campbell, 205 U. S. 403, 27 S. Ct. 502, 51 L. Ed. 857; Connell Bros. v. Diederichsen & Co. (C. C. A.) 213 F. 737; In re Federal Contracting Co. (C. C. A.) 212 F. 693; Baker Contract Co. v. U. S. (C. C. A.) 204 F. 390; Brennan v. Tillinghast (C. C. A.) 201 F. 609; Boquillas Land & Cattle Co. v. J. N. Curtis, 213 U. S. 339, 29 S. Ct. 493, 53 L. Ed. 822; De Rodriguez v. Vivoni, 201 U. S. 371, 26 S. Ct. 475, 50 L. Ed. 792; Badger v. Ranlett, 106 U. S. 255, 1 S. Ct. 346, 350, 27 L. Ed. 194; Wilson v. McNamee, 102 U. S. 572, 26 L. Ed. 234; Walker v. Sauvinet, 92 U. S. 90, 23 L. Ed. 678.

[2] However, we have considered the question presented here as to the legality of the verdict, and we are of the opinion that the verdict is valid, and that the judgment entered thereon is valid. In clear and unmistakable language the jury decided all of the issues in the case against the plaintiff and in favor of the defendants.

The issue joined between the plaintiff and defendants on plaintiff's amended petition was whether or not plaintiff had breached his contract. If he had done so, he was not entitled to recover against defendants. On this issue the jury said:

"We, the jury in the above-entitled cause, find the issues herein joined under the amended petition of the plaintiff in favor of the defendants, and against the plaintiff."

No clearer language could have been used. The jury also decided the issue under the counterclaim in favor of the defendants. Their language, "And we find the issues herein joined under the amended answer and counterclaim of the defendants in favor of the defendants and against the plaintiff," clearly and definitely indicated the will of the jury.

In accordance with that finding, the jury should have returned a verdict for a greater amount of damages in favor of the defendants. The damages should have been assessed in the sum of $1,000 and $960, with interest.

The plaintiff has no reason to complain of this failure on the part of the jury, but such failure does not indicate that the jury did not find on that issue and on the issue joined on the amended petition in favor of the defendants. The jury having in clear and unmistakable words decided the issues joined under the amended answer and under the counterclaim in favor of the defendants and against the plaintiff, their failure to assess against the plaintiff the full amount of

the damages to which defendants were entitled does not vitiate the verdict.

Either the plaintiff or defendants might have requested the court to refuse to accept the verdict and to direct the jury to reconsider the case and bring in a verdict for the full amount in accordance with their general finding in favor of the defendant, or the court might have amended the verdict so as to conform to the general finding of the jury. Blodgett v. Koenig, 314 Mo. 262, 284 S. W. 505; Parks v. Turner, 12 How. (53 U. S.) 39, 13 L. Ed. 883; Philip Schneider Brewing Co. v. American Ice Mach. Co. (C. C. A.) 77 F. 138; Laber v. Cooper, 7 Wall. (74 U. S.) 565, 19 L. Ed. 151; Town of Brooklyn v. Ætna Life Ins. Co., 99 U. S. 362, 25 L. Ed. 419; Townsend v. Jemison, 7 How. (48 U. S.) 706, 12 L. Ed. 880; Bowden v. Burnham (C. C. A.) 59 F. 752, 755; Shaw v. Merchants' Nat. Bank of St. Louis, 101 U. S. 557, 25 L. Ed. 892.

[3] The inadequacy of the verdict as to the amount of damages ought not to be the subject of complaint by the party against whom the damages are assessed, when the jury by their verdict clearly and definitely found against such party on the issue on which the damages are assessed. Blodgett v. Koenig, supra. We do not think the authorities cited by the plaintiff on this question support his contention.

In the case of Anderson v. Wood, 50 Misc. Rep. 595, 99 N. Y. S. 474, the plaintiff contracted to sell defendant certain information for use in defendant's divorce suit against her husband, for $2,500. The defendant paid $500, and executed her note for the balance. In an action on the note, defendant claimed that the note was obtained by false representation, and counterclaimed to recover the $500 paid, alleging breach of a condition that the information should be such that the mere mention of the facts disclosed would compel the settlement of the divorce suit without further trouble or notoriety. The jury returned a verdict "for the defendant." A timely motion was made in the lower court to set aside the verdict. The motion was granted. We cannot determine from the reported decision which party made the motion. On appeal, the lower court's action in this regard was sustained. In the decision, the court intimated that the jury had not decided the issues presented to them, and that the verdict was a compromise verdict and not sustained by the evidence.

In the case of East St. Louis Oil Co. v. Skinner Bros. Mfg. Co. (C. C. A.) 249 F. 439, cited by the plaintiff, the plaintiff sued on an open account for $4,594.79, for labor performed and material furnished in the erection of a dust collector and ventilator system. Defendant claimed that said labor and material was not furnished on quantum meruit but was furnished under a specific contract at the agreed price of $1,400; that defendant was to build and did build a platform which was to be used by plaintiff in the performance of said work; that plaintiff began the work but later declined to proceed further and abandoned its contract; that, by mistake, defendant paid plaintiff $1,341.60 on said contract; that, by reason of the erection of the platform by defendant and the failure of plaintiff to do the work, defendant was damaged in the further sum of $5,000. The jury found for plaintiff on plaintiff's petition, for the full amount sued for and for defendant on its counterclaim in the sum of $1,000. The court held the verdict was inconsistent and set it aside. There the court said:

"At the trial the principal contest between the parties was as to whether the dust collector or ventilating system was to be constructed under a contract for the sum of $1,400, as the defendant claimed or whether the work in connection with the same including materials furnished was performed and furnished on an open account basis, for a reasonable compensation, as claimed by the plaintiff. The jury, therefore, in returning a verdict for the plaintiff as stated, found that the work performed and materials furnished in the construction of the dust collector was performed and furnished on an open account basis for a reasonable compensation, and thereby also found that there was no special contract as claimed by the defendant. On the other hand, in finding for the defendant on the issues joined under the counterclaim and assessing its damages at the sum of $1,000, the jury necessarily found that there was a special contract as claimed by the defendant, and that plaintiff had breached the same, to the defendant's damage in the sum of $1,000. It requires no argument to make it plainly appear that the verdict of the jury is so inconsistent that no judgment could be entered upon it."

That case is not repugnant to this decision. Here the jury found on all the issues against the plaintiff, and merely failed to assess the full amount of damage to which the defendants were entitled.

In the case of Abbey v. Altheimer, 215 Mo. App. 1, 263 S. W. 471, cited by plaintiff as opposed to the view here expressed, the plaintiff, if entitled to recover at all, was

entitled to recover the two items, one for $900, and the other for $1,039. There was no counterclaim involved. The jury found for the plaintiff and assessed his damages at $1,039. A direct attack was made upon the verdict in the lower court and in the upper court, and the appellate court set it aside on the ground that it was contrary to the instructions given on the measure of damages, and was therefore contrary to law.

In the case of Blodgett v. Koenig, supra, by the Supreme Court of Missouri, the plaintiff, an attorney, sued the defendant on an express contract for the sum of $15,000. The answer was a general denial. The jury found for the plaintiff, and assessed his damages at the sum of $7,000. The defendant filed a motion for a new trial and a motion in arrest of judgment, which, being overruled, he appealed to the Supreme Court of Missouri. The court held that the jury by their verdict found that the defendant had made an express contract and that the defendant was in no position to complain at being "let off" with less than the contract price, and said that the plaintiff on motion in the trial court could have had the verdict modified so that it would be for $15,000 instead of $7,000. There the court said:

"(2) II. It is contended by defendant that plaintiff, having sued on an express contract, could not recover on a quantum meruit, and hence the court erred in overruling the motion in arrest and entering judgment on the verdict. Let it be conceded, for the purposes of the case, that plaintiff sued on an express contract for $14,000, after having received a retainer fee of $1,000. The answer is a general denial.

"Instruction 2, given in behalf of defendant, reads as follows: 'The court instructs the jury that, if you find and believe from the evidence that the defendant, Koenig, did not promise or agree to pay to the plaintiff the sum of $15,000, as attorney's fees, then your verdict must be for the defendant.'

"The verdict returned, reads as follows: 'We, the jury in the above cause, find in favor of the plaintiff on the issues herein joined, and assess plaintiff's damages at the sum of $7,000, with interest thereon at 6 per cent. per annum from November 12, 1918, to June 10, 1922, amounting to $1,545.23, aggregating $8,545.23.'

"What were the issues joined? Clearly an assertion by plaintiff that defendant owed him $15,000 for legal services rendered, with a general denial on the part of defendant. The jury were plainly told in defendant's instruction 2, supra, that if defendant did not agree to pay plaintiff the $15,000, they must find for defendant. The jury, having found this issue in favor of plaintiff, thereby sustained the contention of the latter that a contract was made for the payment of $15,000. We therefore hold that plaintiff recovered on the contract as alleged, although the jury failed to give him the full amount of compensation shown by his contract, and nine witnesses who testified as to the reasonableness of same. The plaintiff might have moved for judgment non obstante for the full contract price, but having elected to accept the verdict of the jury, how has the defendant been injured, when he is let off with less than the amount contracted for, as shown by the verdict of the jury in finding the issues for plaintiff?"

For the reasons here given, the judgment of the court below is affirmed.