## COMMERCIAL NAT. BANK OF PHILA-DELPHIA, PA., v. REBER.
### No. 5455.

Circuit Court of Appeals, Third Circuit. Dec. 4, 1934.

Rehearing Denied Jan. 16, 1935.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for appellant.

Edmund J. Bodziak and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for appellee.

J. Howard Reber, of Philadelphia, Pa., amicus curiæ.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

### PER CURIAM.

At the hearing before the District Court, the argument was confined solely to a construction of the terms and conditions of two bonds given by the bank to secure deposits in equity proceedings, particularly to the construction of a proviso permitting the withdrawal of the security whenever the equity deposits with the bank are reduced to a certain amount. From the order entered on the court's construction of the bonds, the bank appealed.

The appellant, by one assignment, charges error to the District Court "in entering the decree," quoting its words, and leaves this court free to find error as it may. In its brief, it asserts that moneys in equity suits deposited in the bank are not public moneys, and raises for the first time the question whether the acts of Congress vest in national banks power to pledge their assets to secure any deposits other than public moneys.

Whatever may be the law on that question, we are asked to review a decision of the District Court in a matter confessedly not directed to its attention, not passed upon, and with respect to which no ruling was requested, no exception noted, and no error assigned by the party complaining on appeal. Under the decisions of this court in City of Pittsburgh v. Jonathan Clark & Sons Co. (C. C. A.) 154 F. 464, 467; Kleman v. Anheuser-Busch Brewing Ass'n (C. C. A.) 237 F. 993, 998; The Blakeley (C. C. A.) 285 F. 348, and of many other courts, Weinstein v. Laughlin (C. C. A.) 21 F.(2d) 740, 742, such practice imposes no duty of re-

view on an appellate court. Although, under rule 11, this court may review plain errors not assigned, it is not compelled to do so. Without regard to the propriety of reviewing or not reviewing an error not assigned, there can be no question of propriety in refusing to review a matter not addressed to, or passed upon by, the trial court; in other words, this court is not inclined to find that the lower court was guilty of error in a ruling it never made.

Failing to find even plain error in the matter which the court actually passed upon, the appeal is dismissed.