## ATLANTIC BREWING CO., Inc., v. WILLIAM J. BRENNAN GROCERY CO.

### No. 10264.

Circuit Court of Appeals, Eighth Circuit.

Sept. 13, 1935.

Irvin H. Gamble, of St. Louis, Mo. (Francis L. Kane, of St. Louis, Mo., on the brief), for appellant.

George L. Stemmler, of St. Louis, Mo. (King G. McElroy and Case, Voyles & Stemmler, all of St. Louis, Mo., on the brief), for appellee.

Before STONE and FARIS, Circuit Judges, and RAGON, District Judge.

STONE, Circuit Judge.

Appellant brought an action to recover the price of beer sold to appellee. Appellee did not seriously contest the account, but presented a counterclaim for a larger amount which was denied, in any sum, by appellant. Verdict and judgment thereon were for appellee for the balance of the counterclaim above the account. Appellant appeals therefrom.

■ Assigned seven matters of error.[1] As to assignments 1 to 5, inclusive, some of them preserve nothing for review and none of them present more than one issue, which is the sufficiency of the evidence to sustain the verdict. Assignments 6 and 7 have to do with admission and rejection of evidence. Rule 11 of this court, governing the requirements as to "assignment of errors," includes, "When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected." This court has patiently enforced this rule and has repeatedly denied consideration of assignments as to admission or rejection of evidence not preserved in accordance with this plainly stated and easily followed rule. The present appeal is merely another instance. These two assignments present nothing for us to consider. Thus the sum total of the entire assignment of errors is the insufficiency of the evidence to sustain the counterclaim.

Appellant's account was for the price of beer sold to appellee. The counterclaim was that appellant, as a part of or as an inducement for the purchase of the beer, agreed to take from appellee certain beer barrels and containers at a certain valuation. The evidence of all the witnesses is clear that the contract (or contracts as may be) were entirely made by James M. Brennan (president of appellee) and Jules Roos, who was a soliciting agent for appellant working on a commission. Appellant states the issues here as follows: "The crux of this whole case is whether or not Roos made an agreement with Brennan of the appellee company to trade beer for cooperage, and if he did, did he have any authority to do so? Appellant insists that he did not." Appellant presents no serious contention here as to sufficiency of the evidence as to the terms of the agreement made by Brennan and Roos— properly so, because there was a direct conflict between Roos (who denied any contract concerning the barrels and containers) and Brennan (whose evidence was positive as to there being such a contract) and such conflict would be for the jury. The issue pressed here by appel-

[1] "Comes now the Atlantic Brewing Company, Incorporated, a corporation, plaintiff in the above entitled cause, within ninety days after the overruling of plaintiff's motion for a new trial and during the same term of said Court during which the judgment and verdict were rendered therein and files this its assignment of errors.

"1. That the verdict is against the evidence.

"2. That the verdict is against the weight of the evidence.

"3. That the verdict is against the law.

"4. That the verdict is against the law and the evidence and the law under the evidence.

"5. That the verdict is for a wrong party and should have been for the plaintiff, the Atlantic Brewing Company Incorporated, a corporation.

"6. That the Court erred in permitting a counsel for defendant to impeach and cross-examine his own witness.

"7. That the Court erred in excluding material, competent and relevant testimony offered by plaintiff Atlantic Brewing Company Incorporated, a corporation."

lant is that, even though there was such an agreement between Brennan and Roos, it was not binding upon appellant because not within the authority of Roos as its agent.

Appellee challenges the right of appellant to present such an issue here because it contends no such issue was presented to or ruled upon by the trial court, but that it was first raised in appellant's brief filed here. If this challenge is supported by the record here, it is obviously sound.

■■ By their pleadings and their actions during the trial, the parties to an action create the issues which they are permitted to present upon appeal. Those issues must be clearly presented to the trial court or they are (barring jurisdictional matters) deemed waived. Barring very exceptional situations, appeals are to rectify only where a right has been denied by the trial court and, if it is legally possible to waive the particular matter, it is deemed waived and not denied unless it is seasonably and properly claimed in the trial court. Not to claim a right is to invite an error and an appellant should not be allowed to nullify a trial on a ground caused by him. Before and during the trial, an appellant has an unrestrained right to raise and claim and preserve for review anything he desires. He must rest on and is bound by the record he himself so makes. It is unfair to the orderly administration of justice—as affecting the other party to the suit, litigants having other cases before the court, and the courts as agencies of justice—to permit any other procedure. To do otherwise would open wide the door to trickery, imposition, and unfair harassment of litigants and courts. Applied to numerous situations and expressed in various ways, the above procedure and reasons have been announced and applied innumerable times by the national courts. With many citations from the Supreme Court decisions, the rule has been concisely stated in Duignan v. United States, 274 U. S. 195, 200, 47 S. Ct. 566, 568, 71 L. Ed. 996, as follows: "This court sits as a court of review. It is only in exceptional cases coming here from the federal courts that questions not pressed or passed upon below are reviewed." Some later cases in that court are Minnich v. Gardner, 292 U. S. 48, 53, 54 S. Ct. 567, 78 L. Ed. 1116; Adams v. Mills, 286 U. S. 397, 416, 52 S. Ct. 589, 76 L. Ed. 1184; United Rys. etc., Co. v. West, 280 U. S. 234, 248,

50 S. Ct. 123, 74 L. Ed. 390. A great number of cases in this and other Courts of Appeals are to the same effect and may be located in the Federal Digest (published by West Publishing Company) under the subject Appeal and Error, ☞169 et seq.

Careful search of this record convinces that the first appearance of this issue of lack of authority of Roos to contract concerning the barrels and containers is in the brief of appellant filed in this appeal. The nearest approaches to such an issue in this record are in two objections by appellant to evidence. The first of these occurred shortly after Brennan had taken the stand as the first witness for appellee. After testifying that he knew Roos and met him at appellee's store about a certain time, he was asked, "What was said by him and what was said by you, in substance, on that first occasion?" To this appellant objected, "Any agreement made or any conversation had between Roos and Brennan would hardly be binding on the Atlantic Brewing Company. He is not here subject to cross-examination, Roos is not, and I don't know where he is." The prior witness (president of appellant, who made out its case) had made it clear that the negotiations for sale of the beer had been made, for it, by Roos. This objection broadly applied to any negotiations between appellee and Roos either as to the sale of beer or as to the barrels and containers covered by the counterclaim. At that time the amended answer denied the petition so that the account was in issue. There is no suggestion in this objection that the appellant had in mind to question the authority of Roos merely as to the subject-matter of the counterclaim. The second instance was during the examination of Roos by appellee, which had introduced him. Roos had denied making any agreement concerning the barrels and containers. For the evident purpose of impeaching that testimony, appellee had him identify certain writings as made by him and then offered the writings. These writings consisted of a rough draft by Roos of a letter (to be written by appellee to appellant) after the beer had been delivered and the bill therefor (appellant's account herein) had been sent to appellee— this was two months after the time the contracts here involved had been allegedly made. To such offer, appellant objected "for the reason that there has been no evidence shown here that these letters here

have reached the Atlantic Brewing Company, and any dealings between any other persons would not be binding on my clients. The letters of these exhibits here have not, there is no evidence to support the fact that they ever reached my clients." Such an objection in such a situation gave no advice that the extent of Roos' authority as not covering an agreement about the barrels and containers was intended to be questioned.

It is significant that no motion for directed verdict on the counterclaim was made at any time, nor were any requests to charge of any kind made by either party. The only vital issue of fact presented by the charge was whether the contract for purchase of appellee's barrels and containers had been made. There was no reference to Roos or to his authority in the charge. Both parties were told to save any exceptions to the charge and each announced "no exceptions."

The failure clearly to present this issue during the trial or to except to a charge which made no reference to it cannot be consistent with the position that such was one of the main issues before the trial court. It is a pure afterthought arising after the trial below. This being the situation, we think consideration of such issue by us is foreclosed. We must regard the issue as having been waived in the trial court and, therefore, not open here.

The judgment must, on this record, be and it is affirmed.