## MALONEY v. BRANDT.

### No. 7586.

Circuit Court of Appeals, Seventh Circuit.

Nov. 18, 1941.

---

Joseph A. Golde, A. C. Lewis, and Philip E. Golde, all of Chicago, Ill., for appellant.

Seymour N. Cohen, of Chicago, Ill. (Ralph M. Snyder, of Chicago, Ill., of counsel), for appellee.

Before EVANS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Plaintiff sues upon a promissory note coupled with a certain "Extension Agreement" upon which she charges the defendant with liability. From a judgment rendered against defendant in the sum of $4,214.17 defendant appeals.

The note in question, in the principal sum of $3,000, was executed by Oscar W. and Hanna Fredrickson on July 20, 1923, payable five years after date to their own order with interest. To secure payment of same the makers executed a certain trust deed or mortgage of even date conveying to the defendant as Trustee certain described real estate located in Cook County, Illinois. On July 20, 1930, the note being past due and unpaid, and the defendant having in the meantime become the owner in fee of the real estate in question, the extension agreement, the construction of which presents the principal controversial question here, was entered into. The pertinent parts of this agreement are appended in a footnote.* This instrument was executed by the defendant, his wife Gertrude R. Brandt (since deceased) and one Harry C. Swanstrom as agent for the legal owner and

---

* Agreement for Extension of Loan. * * * Memorandum of Agreement, Made and entered into this Twentieth day of July, 1930, between Harry C. Swanstrom, Agent, of the County of Cook and State of Illinois, party of the first part, and Charles H. Brandt and Gertrude R. Brandt, husband and wife, of the County of Cook and State of Illinois, party of the second part; Witnesseth, Whereas said party of the first part is the agent for legal owner and holder of the certain promissory note made by Oscar W. Fredrickson and Hanna Fredrickson, husband and wife, dated July 20th, 1923, in the sum of Three Thousand and no/100 ($3000.00) dollars, payable Five (5) years after said date, to the order of themselves and by them endorsed and delivered, which note is secured by a deed of trust from Oscar W. Fredrickson and Hanna Fredrickson, husband and wife, to Charles H. Brandt, Trustee, conveying the premises situated in the County of Cook and State of Illinois, described

as follows to-wit: * * * and whereas party of the second part has subsequently to the execution of said Trust Deed purchased the above described real property subject to said lien. And Whereas, Said second party desires to have the payment of *$3000.00* of said note of *$3000.00* extended for Five (5) years from July 20th, 1930, in consideration of the agreement hereinafter made on their part; Now, Therefore, Said party of the first part agrees to extend the payment of *$3000.00* of said note of *$3000.00* for Five (5) years from July 20th, 1930, that is to say until July 20th, 1935, so long as the said party of the second part shall promptly pay interest thereon from July 20, 1930, at the rate of Six (6) per cent. per annum, payable semi-annually at the place in said note mentioned, and shall further keep and perform all and singular the covenants and agreements in said note and trust deed contained. And the said party of the second part hereby agrees to and accepts said extension up-

holder of said note. Defendant and his wife also executed ten certain interest or coupon notes each in the sum of $90 and evidencing the semi-annual interest to become due on the principal note during the five year extension period from 1930 to 1935. These interest notes were all paid except a balance of $60 remaining on the one falling due on January 20, 1935, and the last one ($90), falling due July 20, 1935.

Plaintiff asserts that by reason of the extension agreement defendant became obligated to pay the principal note according to its terms as well as the remaining unpaid coupon notes. Defendant, while in effect conceding liability as to the unpaid coupon or interest notes, contends chiefly (1) that under a proper construction of the extension agreement no obligation attached to him to pay the principal note, and (2) that the extension agreement not being signed by the plaintiff, nor in her name, is not binding upon either plaintiff or defendant.

The extension agreement in question appears to be a form in somewhat general use and, in substantially identical form has been before the Appellate Courts of Illinois on three occasions in Rieser v. Engelhart et al., 1933, 270 Ill.App. 620, Lillie v. Mc-Farlin et al., 1940, 304 Ill.App. 27, 25 N.E.2d 896, and Albers v. Moe, 1940, 306 Ill.App. 208, 28 N.E.2d 178. The arguments here advanced by defendant for a construction spelling non-liability have been met and rejected in each of these cases without dissent. Thus, nine separate appellate court judges of Illinois have reached a conclusion contrary to defendant's contention. Judge Igoe on the motion to dismiss the instant case and Judge Wilkerson in its trial each adopted a similar construction. We know of no Court that has held to the contrary. The decisions relied upon by defendant rested up-

on a construction of instruments different in form and are not controlling.

Defendant concedes that if the Illinois Appellate Court decisions are to be followed that his argument under point (1) falls; but he asserts that these decisions are not binding upon this Court and are erroneous in principle. If the Illinois Appellate decisions referred to correctly express the law of Illinois there can be no question of their binding effect upon this Court, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487. In the consideration of White-Phillips Co. v. Graham, 7 Cir., 74 F.2d 417, referred to by counsel, it must be understood that that case was decided in 1934 and the doctrine of Erie R. Co. v. Tompkins was not announced by the Supreme Court until 1938.

█ We have, however, independent of these decisions analyzed the extension agreement in question and are fully convinced that it adequately expresses the intention of the parties that defendant was to be obligated to pay the principal note in question. It expressly provides that the holder of the note is to extend the time of payment for five years so long as second party (defendant) shall promptly pay the interest and "keep and perform all and singular the covenants and agreements in said note and trust deed contained." The important covenant contained in the note was that of payment. Defendant also agreed to accept the extension on the designated terms, executed interest coupons evidencing the interest to accrue upon the principal sum and agreed that in case of default in the payment of interest or a "failure to keep and perform any one of the covenants and agreements in said note" that the holder could elect to terminate the extension agreement and said principal note should at once become due and payable and

on the conditions aforesaid, and has executed Ten (10) interest notes or coupons of Ninety and no/100 ($90.00) Dollars each, evidencing and securing the interest on said note for the time of such extension, and agrees that in case of default in the payment of any one of said interest payments, and in case of a failure to keep and perform any one of the covenants and agreements in said note and trust deed contained, this agreement shall at once become null and void at the option of said party of the first part, and

said note of Three Thousand and no/100 ($3000.00) Dollars shall at once become due and payable and may be collected without notice, together with the accrued interest thereon, at the rate of Seven (7) per cent. per annum, anything hereinbefore contained to the contrary notwithstanding. * * * Witness The hands and seals of the parties hereto the day and year first above written. Executed in Duplicate. Charles H. Brandt, (Seal), Gertrude R. Brandt, (Seal), Harry C. Swanstrom (Seal).

"may be collected without notice." The defendant was thus contracting for himself—not for the makers of the note. The language is plain and the intention obvious. We observe no reason why it should not be enforced. The holder has fully performed her engagement of extension and it only remains for defendant to perform his covenant of payment.

Defendant's second point, that the extension agreement was a nullity because not signed by plaintiff in person, which has been argued extensively in the briefs, is apparently presented for the first time on this appeal. Counsel for defendant urges that such question was before the District Court and, in support of his assertion, relies upon such general allegations of his answer as "the complaint fails to state a claim against defendant upon which relief can be granted" and "denies each and every other allegation contained in the complaint." Such allegations are too general in character to call the trial court's attention to the more or less technical argument that is now presented in support of this point. The trial Judge's memorandum filed herein deals at length with the construction of the extension agreement without reference to the other point, thus indicating that he had not considered it. Moreover counsel in his argument to the District Court used the following language in reference to the instrument in question: "Where is there anything which says that upon the maturity of this as extended, Brandt will pay the principal sum? If your Honor can point to any language there I will be willing to admit we have no defense." It is apparent that Counsel was urging but the one point—the construction of the instrument.

It has long been a rule of practice that a reviewing Court will not consider assignments of error not called to the attention of the trial court where such matters do not concern the jurisdiction of the court. It would manifestly be unfair to hold that the trial court had erred in a matter it had not considered. Litigants are not entitled to hide a point in an obscure pleading and present it for the first time on review, but should fully and fairly acquaint the trial court with all matters relied upon. Commercial National Bank v. Reber, 3 Cir., 74 F.2d 301; Atlantic Brewing Co. v. William J. Brennan Grocery Co., 8 Cir., 79 F.2d 45; Falstaff Brewing Corp. v. Iowa F. & P. Co., 8 Cir., 112 F.2d 101. The equities here do not call for any departure from such long recognized and salutary practice. We will not, therefore, give further consideration to this point.

We have considered other points referred to on appeal, such as failure of consideration and failure of demand and find them without merit.

The judgment of the District Court is affirmed.